## THE STATE v. WILL HARVEY, Appellant.

### Division Two, November 24, 1908.

1. **PRELIMINARY HEARING.** If the statute requiring a preliminary examination before a justice of the peace had not taken effect at the time the information was filed in the circuit court, the information should not be quashed for that no such preliminary examination was had.

2. ———: **Bound to Prosecute by Indictment.** Because a preliminary examination is held before a justice of the peace and the defendant is bound over to "answer the charge before the court in which the same is cognizable," the State is not precluded from proceeding under an information filed in the circuit court. The statute does not require the justice to hold the accused for the action of the grand jury. Because a grand jury is thereafter held, the State is not bound, after the filing of an information and an examination before a justice of the peace, to proceed by an indictment.

3. **ASSAULT: Instruction: Shooting in Arm: Intent to Kill.** It is not error to refuse to instruct the jury that if defendant shot another in the arm the law presumes that he did not intend to kill him. It does not follow that, because defendant shot at the other with a deadly weapon and hit him in the arm, he did not intend to kill him, but only to wound him.

4. **REMARKS OF COUNSEL.** Unless the appellant saves an exception to the court's disapproval of the remarks of the State's attorney to the jury, as not being a sufficiently severe rebuke, he cannot on appeal complain of the failure of the court in that respect.

5. ———: **Prejudicial.** In order to justify a reversal of the judgment on account of improper remarks by the prosecuting attorney, it should appear that the remarks were prejudicial to appellant; that is, that they influenced the verdict of the jury.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*Clarence A. Barnes* for appellant.

(1)   The court erred in overruling defendant's motion to quash the information. Laws 1907, p. 243. (2)   The court erred in overruling defendant's motion to dismiss the information and to order the release and full discharge of defendant. Laws 1901, p. 138; sec. 2476, R. S. 1899. (3)   The court erred in refusing to give defendant's refused instruction 3. State v. Grant, 144 Mo. 66. (4)   The court erred in permitting the statements of the prosecuting attorney in his opening statement of the case and in his closing argument to the jury, and in not reprimanding him severely, for the. statements were calculated to prejudice and in fact did prejudice the minds of the jury against defendant. State v. Furgeson, 152 Mo. 99; State v. Shipley, 174 Mo. 512. (5)   The court erred in refusing defendant's instruction in the nature of a demurrer offered at the close of the State's case, also in failing to sustain defendant's motion for new trial and in arrest of judgment.

*Herbert S. Hadley,* Attorney-General, and *F. G. Ferris,* Assistant Attorney-General, for the State.

(1)   The information was filed in the circuit court on the 5th day of June, 1907.   The act requiring a preliminary examination in felony cases before filing of information did not become effective until July 14, 1907.   Therefore, at the time the offense was committed, and at the time the information was filed, the law permitted the filing of an information without first according the defendant a right to a preliminary examination, and defendant's motion to quash was properly overruled. (2)   At the time this information was filed the law permitted, but did not require, a preliminary examination to be first held in a case of this kind. Article 2, chapter 16, Revised Statutes 1899, provided for a preliminary examination which might result in

the defendant being held to appear and "answer the charge before the court in which the same is cognizable," but no law required the examining magistrate in any case "to hold the defendant for the action of the grand jury," as contended by defendant. It is very clear that the law in respect to preliminary examinations, indictments and informations, as it then stood, authorized a preliminary examination upon which a defendant charged with a felony not a capital offense might be held to answer a charge in the circuit court to be preferred in that court either by indictment or by information. State v. Jeffries, 210 Mo. 320. (3) Defendant's refused instruction 3 was properly refused. That the defendant hit Briscoe in the arm the first shot and missed him entirely the second shot did not raise a presumption of good intentions on the part of defendant, nor prove that he only intended to wound. The criminality of the act and the guilt of the accused do not depend on the accuracy of the aim. 4 Elliott on Evidence, secs. 2818, 2829, 3014; State v. Musick, 101 Mo. 260; State v. Mulhall, 199 Mo. 202; State v. Williams, 191 Mo. 205.

GANTT, J.—On June 5, 1907, at the June term of the circuit court of Audrain county, the prosecuting attorney filed an information charging that the defendant at said county on the 16th day of May, 1907, upon W. W. Briscoe made an assault with intent to kill, with malice aforethought.

Previous to that date an information had been filed before L. N. Bass, a justice of the peace, charging the defendant with carrying concealed weapons, and a warrant was issued by the said justice of the peace returnable forthwith, and it appears that on May 18, 1907, the warrant was returned, executed in Howard county, by arresting the defendant and having his body before the justice. And the hearing was set down for

May 22, 1907. On May 18, 1907, John D. O'Rear, Esq., the prosecuting attorney of Audrain county, filed an amended information against the defendant charging him with a felonious assault in and upon the bodies of W. W. Briscoe and Ben Cripe, and the shooting at the said Briscoe and Cripe with a felonious intent the said Briscoe and Cripe then and there to kill and murder. On May 21, 1907, a preliminary examination was had and the justice adjudged that there was probable cause for the prosecution, and held the defendant for the action of the circuit court at its June term, 1907. At the June term of the circuit court, the defendant filed his motion to quash and dismiss the information filed in the circuit court, which motion was overruled, and the defendant obtained leave to file a term bill of exceptions on or before the second day of the September term, and duly filed the same. The defendant was arraigned at the June term, 1907, and entered his plea of not guilty, and on his application the cause was continued until the September term of court, at which term he was put upon his trial and convicted of an assault with malice aforethought, and his punishment assessed at seven years in the penitentiary. From the sentence upon that verdict, the defendant has appealed.

The evidence on the part of the State tended to prove that W. W. Briscoe, a railroad freight brakeman, was standing on the station platform at Mexico, Audrain county, Missouri, about 9:30 p. m. on May 16, 1907, talking with conductor Sweezy and to two or three other railroad men who were there waiting for the freight train to pull out. They were talking and laughing among themselves, when the defendant came up and asked what they were laughing about. Sweezy replied that he did not know that it was any of the defendant's business, whereupon, the defendant said, "I will make it some of my business. I am talking

to both of you, and I mean what I say,'' and then ran his hand in his overcoat pocket and started to draw a gun, and pulled it about half way out, whereupon, Briscoe seeing the revolver about to be pulled, struck the defendant a blow on the jaw. At this point Sweezy ran over the platform of the east end of the car to the other side of the train and Briscoe followed him. As Briscoe reached the car platform steps, the defendant fired his revolver at him, striking Briscoe in the left arm, and thereupon the defendant crossed over the next platform around the west end of the car. Briscoe remained a moment on the east end of the platform and stepped over on the other side, and as he stepped off of the opposite side the defendant called to him to halt and fired a second shot at him. On the evening of the day of said shooting, the defendant had redeemed a revolver which he had in pawn at the pawnbroker's shop in Mexico. On the 18th of May, two days after the shooting, L. B. Ringwall, a locomotive fireman, testified that he had a conversation with the defendant in which he asked him what he meant by trying to run a bluff with a gun, and in that conversation the defendant said that he was there that night, but that he did not do the shooting; that he saw the man who did it, he was a well-dressed man and had on a light overcoat and a derby hat.

Ben Cripe also testified that he was present at the time of the shooting, and he was quite sure that the defendant was the man that did the shooting, although he could not swear positively that he was the man.

At the conclusion of the State's case, the defendant asked an instruction requiring the jury to acquit him, which the court refused. The defendant offered no evidence.

I. The defendant assigns the overruling of his motion to quash the information as error. The ground

of this motion was that the defendant had never been accorded the right to a preliminary examination before some justice of the peace in the county where the offense is alleged to have been committed before the filing of the information in the circuit court. This contention is based on the Act of the Legislature approved April 15, 1907, to be known as section 2476a, which provides: ''No prosecuting or circuit attorney in this State shall file any information charging any person or persons with any felony, until such person or persons shall first have been accorded the right to a preliminary examination before some justice of the peace in the county in which the offense is alleged to have been committed in accordance with article 3 of chapter 16, Revised Statutes 1899.'' [Laws 1907, p. 243.]

Inasmuch as the information in this case was filed in the circuit court on the 5th of June, 1907, it is apparent that the Act of April 15, 1907, had not yet taken effect, and did not until July 14, 1907, ninety days after its passage and approval, as there was no emergency clause to the act. At the time this information was filed, the law did not require a preliminary examination before the filing of the information.

II.  It is also insisted that the court erred in overruling the defendant's motion to dismiss the information and discharge the defendant for the reason that the prosecution was begun by filing an information before a justice of the peace and that that proceeding was preliminary to the finding of an *indictment* against the defendant, and that a grand jury had been impaneled at the June term thereafter and no indictment had been found. By holding the preliminary examination under these circumstances, it is insisted that the prosecuting attorney had adopted the method of proceeding by indictment to the exclusion of the procedure by information, and as section 2476, Re-

vised Statutes 1899, provides, "But that method of procedure which shall be first instituted by the filing of the indictment or information for any offense shall be pursued to the exclusion of the other, so long as the same shall be pending and undetermined," therefore, the prosecuting attorney had no right to file his information in the circuit court. At the time this prosecution was commenced, the law permitted but did not require a preliminary examination to be first held in a case of this kind. By virtue of the provisions of article 2 of chapter 16, Revised Statutes 1899, after finding there was probable cause for charging the prisoner, he was committed to jail or admitted to bail to appear and answer the charge before the court in which the same is cognizable, but the statute did not require the examining magistrate to hold the defendant for the action of the grand jury as is contended by the defendant. After the change in the Constitution permitting the prosecution of felonies by information as well as by indictment the statute authorized a preliminary examination upon which a defendant charged with a felony might be held to answer a charge in the circuit court to be preferred in that court, either by indictment, or by information. The purpose of the preliminary was the same in either case. As was said in State v. Jeffries, 210 Mo. 302, the object of a preliminary examination was to prevent suspicious persons from escaping and to secure their presence for a trial after indictment by a grand jury, or upon information filed by the prosecuting attorney. We think the contention of the defendant on this point is not tenable. Moreover, the record in this case does not show that a grand jury was convened at the June term of the circuit court, 1907, by order of the judge of said court.

III.   The refusal of the defendant's third instruction is assigned as error.   That instruction was as follows:

"The court instructs the jury that the law presumes that a person intends the natural and probable consequences of his acts, and if you believe from the evidence in the case that the defendant assaulted with a deadly weapon, a loaded revolving pistol, W. W. Briscoe in the arm, the law presumes that defendant did not intend to kill him."   The decision of this court in State v. Grant, 144 Mo. l. c. 66, is cited in support of this contention.   In that case the instruction was as follows:  "The court instructs the jury that the law presumes that a person intends the natural and probable consequences of his acts, and if you believe from the evidence in the case that the defendant assaulted with a deadly weapon, a loaded pistol, David Cook, in a vital part of the body, the law presumes that defendant intended to kill him."   That instruction was approved, but it is plain that it is altogether a different instruction and is supported by a large number of cases cited in the decision mentioned.   But it does not follow that, because the defendant shot at Briscoe with a deadly weapon and hit him in the arm, he did not intend to kill him, but only intended to wound him. The criminality of his act did not depend upon the accuracy of his aim, and there is not a particle of evidence in the record that he intended only to wound him.   We think the court very properly refused the instruction.   It was for the jury under all the facts and circumstances in evidence to determine the intent with which the defendant fired the shots at Briscoe. [State v. Williams, 191 Mo. 205.]

IV.   The remarks of the prosecuting attorney in making his statement and argument to the jury are assigned as error.

In three instances the defendant complained of the remarks of the prosecuting attorney. In the first the prosecuting attorney withdrew his remark after being rebuked by the court, and in each of the other two instances the objection of the defendant's counsel was sustained and the prosecuting attorney was censured by the court, and in neither of the latter instances did the defendant save any exception at the time to the action of the court as not being sufficiently severe. In State v. Baker, 209 Mo. 1. c. 451, it was said by this court, ''No exception was taken and saved at the time as to the insufficiency of the rebuke by the court and the point must therefore be considered as waived.'' [State v. Murphy, 201 Mo. 691.] Moreover, we have carefully considered the remarks complained of and the rebuke of the court at the time, and its direction to the prosecuting attorney to confine himself to the record, and we cannot think that under the circumstances these remarks influenced the verdict of the jury in any manner. In order to justify the reversal of a judgment, it should appear that the remarks were prejudicial to the defendant. [State v. Church, 199 Mo. 1. c. 638; State v. Hibler, 149 Mo. 1. c. 484.]

V. The insistence that the evidence did not support the finding of the jury we think is without merit. The assault was wanton and unprovoked and was characterized by a total disregard of the law.

There was ample evidence to support the verdict and the judgment is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.