THE STATE v. G. O. ALEXANDER, Appellant.

Division Two, June 25, 1926.

1. **DEFENDANT as WITNESS: Cross-Examination: Credibility.** To ask defendant on cross-examination whether he has ever been convicted of a crime is not error, although he has made no reference thereto in his direct examination, but such inquiry is permissible as affecting his credibility.

2. **INTOXICATING LIQUOR: Other Sales: Res Gestae: Motive.** Where defendant is charged with selling intoxicating liquor to Overall, testimony that a few minutes prior to the sale he sold liquor to Palmer, both men being present at each sale, is competent as a part of the res gestae. The sale to Palmer being an immediate part of the offense with which the defendant is charged, of the same character, and made practically at the same time, the testimony relating to the sale to Palmer is explanatory of and tends to show motive for the sale to Overall. And particularly is such testimony not prejudicial where the court erroneously gave an instruction withdrawing all evidence relating to the sale to Palmer from the consideration of the jury.

3. ————: **Sale: Excessive Punishment.** A punishment within the limits of a valid statute is not excessive. The statute (Sec. 21, Laws 1923, p. 242) fixing the punishment of one charged with and convicted of the felony of selling moonshine or corn whiskey at not less than two nor more than five years' imprisonment, etc., being constitutional, it is not the province of the court to say that a verdict assessing defendant's punishment at imprisonment in the penitentiary for a term of three years is excessive.

---

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 385, p. 884, n. 5 New. Criminal Law, 16 C. J., Section 1115, p. 575, n. 57; 17 C. J., Section 3678, p. 333, n. 88. Intoxicating Liquors, 33 C. J., Section 553, p. 796, n. 37; Section 554, p. 798, n. 49. Witnesses, 40 Cyc., p. 2505, n. 99; p. 2624, n. 71.

Appeal from Dunklin Circuit Court.—Hon. W. S. C. Walker, Judge.

AFFIRMED.

*North T. Gentry*, Attorney-General, and *Harry L. Thomas*, Special Assistant Attorney-General, for respondent.

(1) Evidence of a simultaneous sale and of a sale at the same place and but fifteen minutes before to witness Palmer was admis-

sible. The parties did not change; the location was the same and the only difference was a few minutes in time. The second sales were the direct result of the first and all were inseparably connected and subject to proof by the same evidence. This evidence was part of the *res gestae.* State v. Jones, 256 S. W. 787. Evidence of the first sale tended to prove motive and general plan, and was properly admitted. State v. Shobe, 268 S. W. 81; State v. Hyde, 234 Mo. 200; State v. Guye, 299 Mo. 348; State v. Collins, 181 Mo. 235. (2) The cross-examination of the defendant was not erroneous and is not limited to a mere categorical review. State v. Edelen, 288 Mo. 174; State v. Foley, 247 Mo. 638; State v. Lemon, 263 S. W. 186. (3) The evidence of the first sale, although properly admitted, was withdrawn from the jury by the court. This was error in favor of the defendant, and of which he may not complain. (4) Under evidence that would amply justify the assessment of the maximum punishment, any less punishment may not be excessive. The evidence showed the defendant to be a bootlegger of corn whiskey, boldly and openly plying his trade. The punishment was not excessive. State v. Helpley and Gray, 279 S. W. 701.

WALKER, P. J.—The defendant was charged by information in the Circuit Court of Dunklin County with the felonious sale of "moonshine" or "corn whiskey." Upon a trial to a jury in December, 1924, he was convicted and his punishment assessed at three years' imprisonment in the penitentiary. From this judgment he appeals.

In November, 1924, three persons, one a prohibition officer, went to the residence of the defendant, four miles west of Kennett. The defendant kept a country store near which the three persons found him. The prohibition agent asked the defendant if he had any coca cola and he replied that he had none. He accompanied them to a pump where they got a drink of water and one of them remarked to the defendant that it was rather weak. The defendant, as if in answer to the remark, said he didn't know them, but as they were in the company of Tom Sparks, one of his neighbors, he guessed they were alright; and asked them how much they wanted. They gave him some money and the defendant left them and after a short time returned with some pint bottles of whiskey, one of which he delivered to each two of the two parties named Palmer and Overall. Additional sales and a delivery of liquor by the defendant to these two parties were made soon thereafter. In each case the purchase price was $1.50 per pint. This prosecution is based upon the sales made to Overall. The whiskey was taken to Kennett, tested and found to contain fifty-five per cent of alcohol.

The defendant denied that he sold any liquor to Overall or either of the parties accompanying him; that they did not ask for coca cola and that he made no remark expressive of his confidence in them on account of the presence of his neighbor Sparks; that they asked for whiskey and upon his declaration that he had none they drove away. His testimony was supported by that of three neighbors who stated that they were present and that no sale was made by him. Palmer and Overall testified that neither of these neighbors was present when they bought the liquor from the defendant and when it was delivered.

The court instructed the jury to disregard the testimony of Palmer as to the purchase by him, and to confine their consideration to the sale made to Overall.

In the absence of a brief for the defendant the review of this case must be based upon the contentions made in the motion for a new trial.

I. It is contended that error was committed in the cross-examination of the defendant. The alleged error consisted in inquiries made of him not brought out in his examination in chief. The record discloses no cross-examination of the defendant which under any construction can be said to violate the limitations of .the statute (Sec. 4036, R. S. 1919). The inquiries were confined to matters concerning which he had testified in chief, except an inquiry as to whether he had theretofore been convicted of crime, to which he answered, "Yes, twice." This inquiry was permissible to affect the credibility of his testimony. [Sec. 5439, R. S. 1919; State v. White, 299 Mo. 611; State v. Stokes, 288 Mo. 539; State v. Howe, 287 Mo. 11 and cases.]

**Cross-Examination.**

II. Testimony was admitted over defendant's objection of a sale of liquor by him to Palmer at the same place he made the sale to Overall and a few minutes prior to the latter—Overall and Palmer being present at each sale. This is alleged to have been error. The testimony was admissible as a part of the *res gestae*. While not an immediate part of the offense with which the defendant was charged, it was of the same character, practically at the same time, was explanatory of the latter and tended to show a motive for the sale to Overall. The rule as thus announced has been applied in the admission of this character of testimony against a defendant in the highest crime known to the law. [State v. Jones, 256 S. W. (Mo.) 787.] The ground of the admissibility of evidence of extraneous crimes is well stated by FERRISS, J., in State v. Hyde, 234 Mo. l. c. 225, in effect as follows: "In making proof against a defendant it is competent for the prosecution to put in evi-

**Sales to Others.**

dence all relevant facts and circumstances which tend to establish any of the constitutive elements of the crime of which the defendant is accused in the case on trial, even if such facts and circumstances tend to prove that the defendant has committed other crimes.'' The admission, therefore, of the testimony complained of was not error. In addition, a further examination of the record discloses that the testimony concerning the first sale was by the court withdrawn by an instruction from the jury's consideration. While this was an error it was in the favor of the defendant and he has no ground of complaint. Precedents might be cited where testimony of other sales of liquor was admitted to show motive, but in view of the well-established rule and the court's action it is deemed unnecessary.

III. All of the instructions given by the court are objected to by the defendant. These instructions clearly and fully define the duty of the jury under the evidence. They are in the form frequently approved in like cases and are not subject to tenable objection.

IV. It is contended that the punishment assessed was excessive. The offense charged is a felony (Sec. 21, Laws 1923, p. 242); the punishment prescribed by the statute is not less than two nor more than five years' imprisonment in the penitentiary, or a fine, or imprisonment in a county jail, or both. The punishment, other than in the penitentiary, need not be considered here. It will be recalled that this verdict fixed the punishment at three years' imprisonment in the penitentiary. The statute fixing the punishment is not in violation of the Constitution. It is not so contended, but the objection is urged to this particular sentence. Where this is true, it is held no matter how severe the punishment may appear to be in a particular case it is not to be considered excessive, if within the limits of the statute. [State v. Van Wye, 136 Mo. 227, 58 Am. St. 627; State v. Helpley, 279 S. W. 701; State v. Renfro, 279 S. W. 702.]

This conclusion finds its support in the fact that the fixing of the punishment for crime is legislative and not judicial, and if in a particular case, not violative of the organic law and within the terms of the statute, it cannot be adjudged to be excessive. [Commonwealth v. Murphy, 165 Mass. 66, 52 A. S. R. 496, 30 L. R. A. 734; State v. Davis, 88 S. C. 229, 34 L. R. A. (N. S.) 295; Miller v. State, 149 Ind. 607, 40 L. R. A. 109; 8 R. C. L. sec. 273, p. 264.]

The foregoing are the only points preserved by the motion for a new trial to which timely objections were made during the progress of the trial and hence entitled to a review.

No prejudicial error appearing the judgment of the trial court is affirmed. All concur.