THE STATE v. TROMO LONON, Appellant.—56 S. W. (2d) 378.

Division Two, December 14, 1932.

*McKay & Peal* for appellant.

*Stratton Shartel,* Attorney-General, for respondent; *Lieutellus Cunningham* of counsel.

WESTHUES, C.—Tromo Lonon, appellant in this case; Roy E. Lonon and Frank Reed were jointly charged, by an information filed in the Circuit Court of New Madrid County, Missouri, with the crime of robbery in the first degree, by means of a dangerous and deadly weapon. An application for a change of venue was granted and the cause transferred to Pemiscot County, Missouri.

On July 24, 1931, when the cause was called for trial, the prosecuting attorney, in open court, dismissed the case as to appellant. The case was thereupon continued to August 4, 1931. At that time Roy E. Lonon and Frank Reed filed an application for a change of venue against Judge John E. Duncan, which application was granted. A judge from a neighboring circuit was then called to try the case. On August 7, 1931, on application of the prosecuting attorney made to the Honorable Judge Duncan, the regular judge of the circuit,

the order of the court, dismissing the case as to .Tromo Lonon, appellant in this case, was set aside and the case reinstated and an *alias capias* issued for the arrest of appellant. The order reinstating the case was made at the same term of court and by the same judge as the order of dismissal.

Defendant, by his counsel, filed a plea to the jurisdiction of the court upon the ground that the case could not be legally reinstated. This plea was overruled by the court. Appellant thereupon entered a plea of not guilty. A trial before a jury resulted in a conviction of defendant as charged. The jury fixed the punishment at imprisonment in the State Penitentiary for a term of twenty years. Defendant timely filed a motion for a new trial, which the court overruled, and defendant was sentenced. From this judgment an appeal was granted to this court. We find a fair and sufficient statement of the case in respondent's brief and adopt it as our own. It reads:

"The evidence for the State tended to prove that on the night of April 15, 1931, J. L. Bradshaw and his wife were traveling in a Ford coupe over United States Highway 61 from Blythesville, Arkansas, to St. Louis, Missouri. As they passed the White City Park near Hayti, Missouri, they noticed three men, who were afterwards identified as Tromo Lonon, Roy E. Lonon and Frank Reed, in a Chrysler Sedan which began to follow them. They drove faster when they noticed the men were trying to overtake them, but the sedan caught up with them about four and one-half .or five miles from Portageville, Missouri, sounded a siren, and one of the men, afterwards identified as Roy E. Lonon and sometimes referred to as Weiner, had a pistol in his hand and said he was the law and ordered them to stop. Mr. Bradshaw told him to show his authority and when he failed to do so, threw the Ford into second gear and sped up. The men in the Chrysler continued to chase them and again caught up with them in about a mile and attempted to crowd them off the road. Mr. Bradshaw pulled the Ford into the middle of the road and again escaped. Mr. and Mrs. Bradshaw fearing a robbery, decided to stop in town, and he moved his money, about forty-five dollars, from his pants pocket to his left vest pocket. When they reached Portageville, in New Madrid County, Missouri, and got to where there were houses on each side of the road, Mr. Bradshaw pulled out to the right of the road and stopped. He left his motor running. The Chrysler Sedan ran in ahead of them and stopped about fifteen feet in front of the Ford. The three men got out of the Chrysler and came back to where Mr. and Mrs. Bradshaw were seated in the Ford. Roy E. Lonon had a pistol in his hand and pointed it toward Mr. Bradshaw and took the forty-five dollars, the property of Mr. Bradshaw, out of his vest pocket against his will and by force and violence to

his person and by putting him in fear of immediate injury to his person with a dangerous and deadly weapon. He tried to pull Mr. Bradshaw out of the car, ordered him to turn off the motor and when he did not do it, reached in and took the key. (However, the defendant Tromo Lonon testifying in his own behalf and Roy E. Lonon testifying in his behalf said that Tromo Lonon reached in and took out the Ford key.) Mrs. Bradshaw began holloing for help and that they were being robbed. She got the jack handle and got out of the car and attacked Tromo Lonon, who is referred to as Red in the evidence. He tried to take a diamond ring off her finger and her fingers were cut in the struggle. The three defendants then got in the Chrysler sedan, drove north to the first street and then turned west. Mrs. Bradshaw took the license number Mo. 203-801, which was shown to belong to the Chrysler sedan used by the defendant.

"Mr. and Mrs. Bradshaw went to the first house on the right and found that it was vacant. He then got her key for the car and drove to the second house on the right which belonged to Mr. Clarihan, who was not at home, but whose wife directed Mrs. Bradshaw to Mrs. Wright's residence where she could find a telephone. Mrs. Bradshaw went there and telephoned the marshal of Portageville and reported the robbery. They then resumed their journey to St. Louis, Mr. Bradshaw reporting the robbery to the Chief of Police at Sikeston, Missouri, that night, and to the Sheriff of New Madrid County, Missouri, the next day. They both testified for the State in the trial of the case and positively identified the appellant as one of the robbers. They were corroborated by other witnesses as to the chase, the calling for help, reporting the robbery, and in other details.

"The appellant testified in his own behalf and admitted chasing and stopping Mr. and Mrs. Bradshaw, and that he and Roy C. Lonon and Frank Reed were together and had the Chrysler sedan. He denied that either of them had a pistol and denied that they robbed J. L. Bradshaw and claimed that the week preceding he and his brother had arranged with Mr. Bradshaw for the delivery of a case of whiskey, for which they were to pay him $50, and on which Roy E. Lonon had paid $10, and that they were trying to stop him and get the whiskey. Roy E. Lonon testified to the same effect. Both of them on cross-examination, admitted that they had been convicted of other crimes in this State."

■ The only reason, assigned in appellant's motion, questioning the jurisdiction of the circuit court to try the defendant, was that the case had been dismissed against him and the court was without power to reinstate the case. Courts of general jurisdiction have inherent authority, during the term, to vacate any judgment or order that may have been made at that term. This was the rule at common

law and prevails in most jurisdictions. [34 C. J. 207 and cases cited under note 5; Herbert v. Hawley, 32 S. W. (2d) 1095; United States v. Benz, 282 U. S. 304; Boegemann v. Bracey, 285 S. W. 992, 315 Mo. 437.] Considering then that a court has the inherent power to set aside judgments and orders made during the term, can any sound argument be advanced why a court has not the power to set aside a dismissal of an indictment or information and reinstate the case during the term at which the dismissal was entered? The general rule is that a *nolle prosequi* or a dismissal of a criminal charge, if made prior to the time a jury is impaneled and sworn, is not a bar to a subsequent prosecution for the same offense. [16 C. J. 248, sec. 390; State v. Taylor, 171 Mo. 465, 71 S. W. 1005; Kleihege v. State, 177 N. E. (Ind.) 60.] There is no difference, so far as the defendant's rights are concerned, whether, after the dismissal of a charge, a new information or indictment is filed or the order of dismissal set aside and defendant tried on the old information or indictment. In either event the defendant must be arrested and brought before a court for trial. We are of course primarily dealing with the power of the court to set aside the dismissal of a criminal charge and at the same term reinstate the case and issue an *alias capias*. The authorities on this subject are not numerous. Appellant has cited cases in support of his contention that a court is without power to reinstate a criminal case after a *nolle* has been entered. On examination, however, it will be found that those cases arose where the order vacating the dismissal was made after the expiration of the term. [Dudley v. State, 47 S. E. (W. Va.) 285; Commonwealth v. Smith, 131 S. W. (Ky.) 391.] In the Kentucky case just cited the court expressly held that a criminal case could not be reinstated at a subsequent term after a dismissal order had been made. To the same effect is the case of Jones v. Commonwealth, 71 S. W. (Ky.) 643. The court in that case quoted from Ashlock v. Com., 7 B. Mon. 44. "An order striking a suit from the docket, made on motion of the plaintiff, and without reservation or qualification, we should be inclined to regard as a voluntary dismissal and discontinuance, and as placing the case, *after the term when the order was made*, beyond the power of the court." [Italics ours.] South Carolina courts expressly hold that a dismissal of a criminal charge may be set aside and the defendant prosecuted on the same indictment. [State v. Thornton, 35 N. C. 256; State v. Thompson, 10 N. C. 613.] In State v. Nutting, 39 Me. 359, a number of counts in an indictment were dismissed during the trial of the case and later, during the same trial, the court reinstated the counts and set aside the order of dismissal. This was held proper where it was shown that defendant's witnesses had not departed and defendant's rights were not prej-

udiced. The court in that cause quoted from some English authorities and made certain comment thereon as follows:

"A *nol. pros.* is no bar to another indictment. According to the English authorities, it would seem that it does not even prevent the arrest and trial of the accused at a subsequent term, upon the indictment as to which it has been entered. [Com. Dig., Indictment, K.] 'So the Attorney-General may enter a *nolle prosequi*. But it does not discharge the crime.' [Salk, 21; Mod. Ca. 261.] . . . 'A *nol. pros.* in criminal proceedings,' remarks NASH, J., in State v. Thornton, 13 Iredell, 257, 'is nothing but a declaration on the part of the prosecuting officer that he will not at that time prosecute the suit further. Its effect is to put the defendant without day, that is, he is discharged and permitted to leave the court without entering into a recognizance to appear at any other time; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense, or fresh process may be issued against him upon the same indictment and he be tried upon it.' "

We find no case in Missouri on the precise question before us. In State ex rel. v. Primm, Judge, 61 Mo. 166, the court held that a *nolle prosequi* was not a bar to a subsequent prosecution for the same offense. In commenting on the effect of a *nolle prosequi* the court said:

"Wharton, in his criminal law, says that a *nolle prosequi* is the voluntary withdrawal by the prosecuting attorney of present proceeding on a particular bill. At common law it may at any time be retracted, and is not only no bar to a subsequent prosecution on another indictment, but may be so far concealed as to permit a revival of proceedings on the original bill. [1 Whart. Cr. Law (7 Ed.) sec. 513.]"

■ Considering the inherent power of a court over its judgments and orders, during the term at which such judgments and orders were entered, and the fact that a *nolle* or a dismissal of a criminal charge is not a bar to a subsequent prosecution, we announce the following rule of law on the point before us as consistent with well-established principles of law and not detrimental to defendant's rights. An order of dismissal or a *nolle prosequi* in a criminal case may be set aside during the term at which the order is made; an *alias capias* ordered issued and defendant tried on the original information or indictment. There is nothing in this record tending to show that defendant's rights were in any way prejudiced by the order setting aside the dismissal. The point is, therefore, ruled against the defendant.

■ Appellant contends that he should have been granted a continuance and assigns error on the part of the trial court in over-

ruling the motion for continuance. Granting a continuance rests largely within the discretion of the trial court. The information in this case was filed on May 2, 1931. On May 19, an application for a change of venue was granted. The case was set for trial in Pemiscot County, for July 24, 1931. On this date the case was dismissed as to defendant. On August 7, 1931, the case was reinstated and defendant arrested and brought into court on September 5. The case was then set for trial for September 9. The record discloses that the same attorneys, who filed the application for change of venue on May 19, represented defendant at the trial. No showing was made of any attempt to obtain the evidence referred to in the motion for continuance. The motion itself is vague and indefinite as to the existence of such evidence. Under such circumstances the trial court was authorized to overrule the motion for a continuance on the ground that diligence was not shown. [State v. Schooley, 14 S. W. (2d) l. c. 631; State v. Taylor, 266 S. W. 1017.]

Error is assigned to the trial court's ruling in permitting the prosecuting attorney to question defendant with reference to former convictions of criminal offenses and requiring the defendant to testify thereto. A defendant, when he takes the witness stand, may be asked as to previous convictions the same as any other witness. If the answer is in the affirmative, as it was in this case, the prior conviction may be considered by the jury as affecting his credibility as a witness. [Sec. 1752, R. S. 1929; State v. Taylor, supra; State v. Alexander, 315 Mo. 201, 285 S. W. 984.]

In the motion for a new trial we find the following assignment of error with reference to the admission of testimony:

"6. The court erred in admitting incompetent, irrelevant and immaterial evidence on behalf of the State over the objection and exception of the defendant at the time, and especially as is shown by Exhibit 'A' hereto attached and made a part hereof."

Exhibit A contains extracts of testimony of six witnesses. These consist of questions, objections thereto, the rulings of the court and the answers of the witnesses to the questions to which objections had not been sustained. Section 3735, Revised Statutes 1929, requires motions for new trial in criminal cases to set forth in detail and with particularity in separate numbered paragraphs the specific grounds and reasons therefor. Appellant has not complied with the provisions of this statute. The assignment is very general in character and is leveled at all of the rulings of the trial court on the admission of evidence. No specific ground is set forth in the motion for a new trial wherein the court erred in admitting the evidence of any particular witness. Failing in this the assignment is insufficient. [State v. Standifer, 316 Mo. 49, 289 S. W. 856; State v. French, 300

S. W. 793, 318 Mo. 619.] It was recently pointed out in State v. Majors, 329 Mo. 148, 44 S. W. (2d) 1. c. 166 (5), that an assignment of error, similar to the one before us, making reference to an exhibit was insufficient where the exhibit contained a transcript of the entire testimony of one witness. It was there said: "We have repeatedly held that such general and sweeping allegation in a motion for new trial is not sufficient to present anything for review." In this case appellant attempts in one general assignment of error to present for our review every ruling made by the trial court on the admission of evidence of six different witnesses, testifying on various phases of the case. That is not a compliance with the statute. One purpose of the statute was to narrow the issues on appeal to the questions upon which there was a real dispute, and to abandon those wherein there was concededly no merit. The statute requires that the motion for new trial set forth the specific grounds or causes for a new trial in separate numbered paragraphs and in that way present those questions in an intelligent manner to the trial court and to the appellant courts on appeal. This is not a difficult task. We said in State v. Ryan, 50 S. W. (2d) 1. c. 1000 (6-8): "It is not necessary, however, to copy in the motion, verbatim, the evidence complained of. It is sufficient if the assignment contains the name of the witness, the substance of the testimony complained of, and the grounds of its admissibility or inadmissibility." We do not mean to be understood to say that matters cannot be presented in an exhibit filed with a motion for a new trial. That may at times be necessary. In this case taking the motion and exhibit together the statute, as above pointed out, was not complied with.

■ The court gave an instruction on the credibility of witnesses. Appellant assigns this as error in that the instruction is not complete. Appellant did not offer an instruction on this question and is, therefore, in no position to complain. The alleged defect in the instruction before us is identical with the one considered in State v. Lewis, 323 Mo. 1070, 20 S. W. (2d) 1. c. 536 (13), (14). It was there said that if defendant was not satisfied with the form of the instruction as given he should have requested the court to give one which supplied the alleged deficiency.

Other assignments of error in the motion for a new trial were not briefed by appellant. Upon examination we find them without merit.

■ The evidence was ample to support the conviction. The information is in proper form. The following verdict of the jury is challenged as being insufficient:

" 'We the jury in the above entitled cause find the defendant Tromo Lonon guilty of robbery in the 1st degree, with a dangerous

and deadly weapon, as he stands charged in the information, and assess his punishment at 20 years imprisonment in the Missouri penitentiary.

"D. I. CLARK, Foreman."

The verdict, while not in identical words as the offense is charged in the information, is sufficient and definitely finds the defendant guilty as charged in the information. The record discloses that defendant was sentenced after the overruling of the motion for a new trial.

Finding no reversible error, the judgment of the trial court must be affirmed. It is so ordered. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.