**Jack Virgil CAFFEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53426.**

Supreme Court of Missouri,
Division No. 1.

June 9, 1969.

Wayne C. Smith, Jr., Springfield, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Larry L. Zahnd, Sp. Asst. Atty. Gen., Maryville, for respondent.

HENLEY, Presiding Judge.

This is an appeal from a judgment overruling appellant's (hereinafter movant) motion to vacate and set aside a judgment imposing sentences of four and two years, respectively, on his conviction by a jury of second degree burglary and stealing. Sup. Ct. Rule 27.26, V.A.M.R.

The grounds of the motion and points raised on this appeal are essentially the same as two of the points raised on his direct appeal from the judgment of conviction. See State v. Caffey, Mo., 404 S.W. 2d 171.

Movant's first point here is that the court erred in finding as a fact that members of the jury panel had not seen him wearing handcuffs en route from the courthouse entrance through a hall to the sheriff's office and in the courtroom "at his original trial", because the finding is not supported by the evidence. As a part of this point movant contends that the court erred " * * * in holding that even if so seen no prejudice was demonstrated * * * which would be a violation of appellant's constitutional rights." We need not reach this part of the point, because we hold that the evidence supports the court's finding on the fact issue. On the first appeal we were faced with the bare allegation that members of the jury panel saw him in handcuffs in the courthouse on May 5, 1965, two days before his trial, with no evidence to support the allegation. On the instant appeal he refers in the statement of facts portion of his brief to what allegedly occurred two days before the trial, but the point he briefs and relies on refers to and challenges only what occurred on the day of his trial, May 7, 1965.

The evidence at the hearing on this motion is that on the morning of trial day

movant, wearing handcuffs and in the custody of an officer, was escorted from the courthouse entrance through a hall to the sheriff's office, a distance of twenty-five or thirty feet. A number of persons were congregated in the hall, some of whom may have been (but none were identified as) members of the panel of veniremen. There is no evidence that any of these persons saw movant. The evidence is that the handcuffs were removed in the sheriff's office and that movant entered the courtroom direct from the office and remained there throughout the trial unshackled. Movant failed to meet his burden of establishing that members of the panel saw him in handcuffs outside the courtroom, Rule 27.26(f), and his own evidence refutes his contention that he was in handcuffs at any time in the courtroom. The findings and conclusions of the trial court on this point are not clearly erroneous. Rule 27.26(j). Furthermore, the court found that there was no evidence that any juror saw movant in the courthouse wearing handcuffs at a hearing on a pre-trial motion on May 5. Upon review of the evidence we cannot say that this finding and conclusion is clearly erroneous.

Movant's second point is that he was denied his constitutional right of confrontation of a witness against him. Section 18(a), Article I, Constitution of Missouri, V.A.M.S.; Sixth Amendment to Constitution of the United States. This point was raised and decided on his direct appeal from his conviction. State v. Caffey, supra, l. c. 177[6]. We adhere to our decision on this point in State v. Caffey, supra, and decline to review it again. Moreover, a motion under Rule 27.26 ordinarily cannot be used as a substitute for a second appeal. Rule 27.26(b) (3); White v. State, Mo., 430 S.W.2d 144, 146[2].

The judgment is affirmed.

All concur.