Hillsborough,
No. 5515.

## STATE *v.* EDWARD H. COOLIDGE, JR.

Argued December 20, 1968.
Decided June 30, 1969.

*Alexander J. Kalinski,* special counsel (by brief and orally), for the State.

*Matthias J. Reynolds, John A. Graf,* and *Robert L. Chiesa* (by brief and orally), for the defendant.

PER CURIAM.   In this jurisdiction, the authority of the Attorney General to enter a *nolle prosequi* in advance of trial is firmly

established. *State* v. *Swift*, 101 N. H. 340, 343; *State* v. *Lavallee*, 104 N. H. 443, 446. Nor is it restricted by statute or rule of court. *State* v. *Smith*, 49 N. H. 155. Cf. Federal Rules of Criminal Procedure, Rule 48 (a).

*Klopfer* v. *North Carolina*, 386 U. S. 213, relied upon by the defendant in support of its "motion to dismiss notwithstanding the nol pross," requires no different conclusion. The entry in that case of *"nolle prosequi* with leave," under the North Carolina practice did not operate to discharge the indictment, but permitted it to be reinstated upon the prosecutor's application. Hence the pendency of the indictment was held to deny the petitioner in the case the right to speedy trial guaranteed by the Constitution. *Id.*, 222. See also, *Commonwealth* v. *Gant*, 213 Pa. Super. 427.

Under our practice, the entry of *nolle prosequi* operated to discharge the indictment, so that the case is no longer pending, as the Trial Court correctly ruled. See *Lewis* v. *United States*, 216 U. S. 611; *Parr* v. *United States*, 351 U. S. 513, 517. Other issues briefed by the defendant thus require no consideration.

*Exceptions overruled.*