**STATE of Missouri, Respondent,**

v.

**James Marvin FIELDS, Appellant.**

No. 54559.

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Neale, Newman, Bradshaw & Freeman, Leland L. Gannaway, Springfield, for appellant.

MORGAN, Presiding Judge.

A jury found appellant guilty of the crime of striking a police officer who was acting in the performance of his duties; and, as a second offender, he was sentenced to a term of one year in the county

jail. Sections 557.215 and 556.280, RSMo 1969, V.A.M.S.

The incident leading to this appeal occurred on March 24, 1968. Appellant was observed by the officer attempting to "shoplift" certain items from a grocery store in Springfield. The officer attempted to arrest appellant who resisted and while so doing struck the officer twice with his fist.

Appellant was tried in the Municipal Court of Springfield for common assault, found guilty, and sentenced to ninety days in jail. He then filed an affidavit of appeal to the circuit court wherein he was entitled to a trial de novo under Supreme Court Rule 37.84, V.A.M.R. Prior to any action being taken thereon, the case was dismissed by the attorney for the city. Thereafter, the state initiated the charge upon which appellant now stands convicted.

■ First, it is asserted that the trial court erred in refusing to summon a new jury panel to hear appellant's case after he was brought to the courtroom while handcuffed. Defense counsel, prior to trial, made such a request after he advised the court that appellant had walked "through" the waiting panel members, and further declared: "And secondly, Your Honor, I renew my request on the basis that the defendant was led into the courtroom in handcuffs; this was obvious and could obviously be seen by any member of the jury who cared to look. * * * And further, I would like to point out, Your Honor, that the defendant sat here in the courtroom for a full five minutes and then the handcuffs were removed . . .." He also pointed out that the doors to the courtroom were made of clear glass. In response the trial court, in part, replied: "I had the courtroom cleared before we sent for Mr. Fields . . . this is a matter about which you may inquire on voir dire . . . ." Defense counsel failed to pursue the matter and made no effort to establish the accuracy of his statements. As was said in State v. Caffey, Mo., 404 S.W.2d 171, l.c. 176: "No evidence was offered by defendant to support these allegations of his motion. We are faced with the bare motion which does not prove itself. This assignment of error is without merit. State v. Boone, 355 Mo. 550, 196 S.W.2d 794, 797[4]." "The record does not preserve anything for review." State v. Sallee, Mo., 436 S.W.2d 246, 254[20, 21]. See also State v. Turley, Mo., 452 S.W.2d 65; State v. Meeks, Mo., 458 S.W.2d 245; Caffey v. State, Mo., 441 S.W.2d 681; and, State v. Beal, Mo. (Banc), 470 S.W.2d 509 (515–516) [8, 9]. As said in Beal, l.c. 516: "We find nothing in the record presented to indicate that the officer exceeded his right to take reasonable precaution for retention of custody of defendant." The general rule is set out in 21 Am.Jur.2d, Criminal Law § 240, pp. 277–278, but, more specifically, as stated in United States v. Leach (8th Cir.), 429 F.2d 956, 962: "It is a normal and regular as well as a highly desirable and necessary practice to handcuff prisoners when they are being taken from one place to another, and the jury is aware of this. This is necessary to prevent an escape and possible injury to others in an escape attempt." In this connection, appellant relies primarily on State v. Rice, 347 Mo. 812, 149 S.W.2d 347; State v. Boyd, Mo., 256 S.W.2d 765, and State v. Yates, Mo., 442 S.W.2d 21, but it is sufficient to say that each is only indicative of the continuing efforts of this court to protect an accused from an abuse of such a customary practice and that the holdings therein are not inconsistent with that here made.

Second, appellant submits that he was twice placed in jeopardy by being tried in municipal court for one offense and in circuit court for another offense which arose out of the same incident. He relies on the recent holding of the United States Supreme Court in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, which was decided approximately two years after appellant's conviction. Whether or not

retroactive effect is to be given to the principles therein announced is apparently an open question. The court in Robinson v. Neil (6th Cir.), 452 F.2d 370, concluded on December 10, 1971: ". . . that the purpose of *Waller* will be properly served by granting the new rule prospective effect only." The U. S. Supreme Court granted certiorari on this question on May 15, 1972, at 406 U.S. 916, 92 S.Ct. 1800, 32 L.Ed.2d 115.

However, the procedure followed in this state does not do violence to the dictates of Waller—a possibility exhaustively considered and rejected by this court in Kansas City v. Henderson, 468 S.W.2d 48 (pp. 50–52). As therein stated, l.c. 51, an appeal from the judgment of a municipal court has ". . . the effect of setting aside and nullifying the conviction imposed in the municipal court . . . ." Thus, it is as if there had been no previous trial and the accused starts with a clean slate in circuit court. The net effect of which is all to the advantage of an accused as he is given two opportunities to seek an acquittal. Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584, decided June 12, 1972. When the city dismissed its charge in circuit court, the accused as yet had not been placed in jeopardy, and there was no constitutional deprivation created when the state prosecuted appellant for a violation of the laws of this state. See Scurlock, "Basic Principles of the Administration of Criminal Justice with Particular Reference to Missouri Law," 38 UMKC Law Review 167, 272 (1970), for the elements of former jeopardy.

It might be added that: "[t]he general rule is that a nolle prosequi or a dismissal of a criminal charge, if made prior to the time a jury is impaneled and sworn, is not a bar to subsequent prosecution for the same offense." State v. Lonon, 331 Mo. 591, 597, 56 S.W.2d 378, 380.

The judgment is affirmed.

All of the Judges concur.