**STATE of Missouri, Respondent,**

v.

**John E. WARRINER, Appellant.**

**No. KCD 26530.**

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Willard B. Bunch, Public Defender, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty, Gen., Jefferson City, for respondent.

PER CURIAM:

Appeal from a conviction upon an amended information for stealing over $50.00. The information was amended to allege a prior felony conviction. Defendant was sentenced to the custody of the Department of Corrections for a term of 5

years. No challenge being made to the sufficiency of the evidence, the facts are briefly stated.

During the evening of October 28, 1971, defendant drove his car into an auto service station. The station, "Pete's Tow Service", located at 3900 Broadway in Kansas City was owned and operated by Pete Jenkins. Defendant parked his car at the gas pumps farthest from the station office. While the attendant, Dale Miller (the only employee on duty), serviced the car, the defendant entered the station office and lingered near the cash register.

Defendant returned to his car and was paying for the service when another employee, Randy Bowden, who was not on duty arrived on the scene in one of the station's service trucks. At Miller's request, Bowden went into the office. He checked the cash register and discovered there was no paper money in the register. Before Miller or Bowden could take any other action, the defendant closed the hood of his car and hurriedly left the station. Using the station's service truck, Randy Bowden pursued the defendant until the defendant's car was involved in a collision at 34th Street and The Paseo. Defendant fled the scene of the collision on foot but was caught by Bowden. Defendant surrenderd $93.00 to Bowden and was turnover to the police when they arrived.

Counsel for defendant has briefed two points of error and appellant has filed, pro se, a brief asserting a third ground for reversal.

■ The first claim of error assigned is the denial of counsel's motion for a mistrial made at the start of the second day of trial. Mistrial was sought on the ground that at the end of trial the day before, the defendant was removed from the courtroom in handcuffs and displayed to the jury outside the courtroom for "two or three minutes." This incident was allegedly prejudicial to the defendant and inflamed the jury.

A recent case in point disposes of this allegation of error. In State v. Fields, 487 S.W.2d 560 (Mo.1972), the same ground for reversal was asserted because the defendant, in the presence of the jury, was brought into the courtroom in handcuffs. Quoting from United States v. Leach, 429 F.2d 956, 962 (8th Cir. 1970), the court held, "[i]t is a normal and regular as well as highly desirable and necessary practice to hancuff prisoners when they are taken from one place to another, and the jury is aware of this." (loc. cit. Fields at 561) The point is without merit.

■ Counsel's second point is that the "Hammer" instruction given to the jury after approximately four hours of deliberation was unduly coercive. The "Hammer" instructed the jury:

"It is desirable that there be a verdict in every case. It takes considerable time and effort to try any lawsuit and the parties are entitled to have their rights determined once and for all in every case, and the twelve jurors chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. While I want to make it clear that no juror should ever agree to a verdict that violates the instructions of the court, nor find as a fact that which under the evidence and his conscience he believes to be untrue, yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict."

This instruction conforms to such instructions approved in other cases. [See: State v. Roberts, 272 S.W.2d 190 (Mo.1954); Anderson v. Bell, 303 S.W.2d 93 (Mo. 1957); and State v. Jackson, 446 S.W.2d 627 (Mo.1969)]

■ Finally, appellant challenges, pro se, the sufficiency of the information to inform him of the nature and cause of the

offense. It is not entirely clear in what manner the appellant contends the information is defective. Appellant asserts broadly that the information, "does not allege that appellant stoled [sic] the 93.00 dollars that belonged to Pete Jenkins". After alleging the facts of the prior felony conviction, the amended information charged defendant:

" . . . that thereafter on the 28th day of October, 1971, at the County of Jackson, State of Missouri, did then and there unlawfully, feloniously and intentionally steal certain property, to-wit: Ninety-three Dollars ($93.00) in United States Currency, the property of Pete Jenkins, d/b/a Pete's Tow Service, without the consent of the owner thereof; against the peace and dignity of the State."

Except for the description of the stolen property, this information conforms to the information approved in State v. Brewer, 338 S.W.2d 863 (Mo.1960). [See also: State v. Webb, 400 S.W.2d 84 (Mo.1966)]

The judgment is affirmed.