Rockingham
No. 80-371

## THE STATE OF NEW HAMPSHIRE

v.

## ALFRED C. JANVRIN, JR.

May 7, 1981

*Gregory H. Smith*, attorney general (*Donald J. Perrault*, assistant attorney general, on the brief and orally), for the State.

*Shute, Engel & Morse P.A.*, of Exeter (*David C. Engel* on the brief and *Mark S. Gearreald* orally), for the defendant.

PER CURIAM. The issue in this conspiracy to commit arson case is whether the constitutional prohibition against double jeopardy bars the retrial of the defendant on the present indictment when a previous defective indictment alleging the same offense was dismissed on the defendant's motion after the jury was empaneled and sworn. We hold that it does not.

The defendant was indicted in June 1979 for conspiring with Frank Janvrin to commit arson by burning the defendant's house. A jury was empaneled and sworn, but prior to the State's opening statement the defendant moved to dismiss the indictment because it failed to set forth sufficient facts upon which the defendant could be convicted of the crime alleged. The motion was granted, but the Trial Court (*Randall*, J.) declined to rule on the possible prospective double jeopardy issue as requested by the defendant. Thereafter, the present indictment, which purported to correct the defects in the prior indictment, was returned. The defendant moved to dismiss this indictment on the ground that the second proceeding placed him twice in jeopardy for the same crime in violation of both the State and Federal Constitutions. N.H. CONST. pt. I, art. 16; U.S. CONST. amend. V. *Temple*, J., denied the motion, and the defendant took an interlocutory appeal from that ruling.

Initially, we note that an interlocutory appeal before retrial is proper in this kind of case, for otherwise the defendant could be subjected to the very thing the double jeopardy clauses are designed to guard against, retrial for the same offense. *Abney v. United States*, 431 U.S. 651, 660–62 (1977).

Clearly, jeopardy had attached in the prior proceeding at the time the indictment was dismissed because the jury had already been empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 35–38 (1978). The State also agrees that the present indictment is for the same offense as the prior indictment and is intended to correct the defects in the prior indictment. The only question, therefore, is whether the dismissal of the prior indictment at the defendant's request bars retrial on the present indictment.

Not every termination of a trial before verdict prevents a retrial of the defendant. For instance, a mistrial granted even at the request of the prosecution because of a faulty indictment does not bar retrial if the declaration of a mistrial is required by "manifest necessity" or the "ends of public justice." *Illinois v. Somerville*, 410 U.S 458, 469 (1973); *State v. Pugliese*, 120 N.H. 728, 730, 422 A.2d 1319, 1321 (1980).

In this case, there is no question that the former proceeding was dismissed on the defendant's motion because the indictment was defective and not on the merits. In these circumstances, there is "no double jeopardy barrier to . . . [the defendant's] retrial unless the . . . prosecutorial error that prompted . . . [the defendant's] motion was 'intended to provoke' the motion or was otherwise 'motivated by bad faith or undertaken to harass or preju-

dice' " the defendant. *Lee v. United States*, 432 U.S. 23, 33–34 (1977) (quoting *United States v. Dinitz*, 424 U.S. 600, 611 (1976)); *cf. State v. Scarlett*, 121 N.H. 37, 39, 426 A.2d 25, 26–27 (1981). The prosecution's error in drafting the previous indictment "was at most an act of negligence" and was not the product of the type of overreaching that will invoke double jeopardy protection. *Lee v. United States, supra* at 34. Consequently, there is no double jeopardy prohibition against a retrial on the present indictment, and the denial of the defendant's motion to dismiss was proper.

*Appeal dismissed; remanded for trial.*