Rockingham
No. 81-031

### THE STATE OF NEW HAMPSHIRE

v.

### SOUTHERN NEW HAMPSHIRE BUILDERS ASSOCIATION

October 1, 1981

*Craig, Wenners, Craig & McDowell,* of Manchester (*William H. Craig* on the brief and *Robert L. Lapointe, Jr.,* orally), for the defendant.

*Gregory H. Smith,* attorney general (*Peter W. Mosseau,* assistant attorney general, on the brief and orally), for the State.

BOIS, J.   This case comes before us as an interlocutory appeal from a ruling by the Trial Court (*Mullavey,* J.). RSA 491:17. The issue presented is whether the trial court has jurisdiction to reinstate an indictment which it previously had quashed. We answer in the affirmative.

An indictment dated January 4, 1980, was returned by the grand jury against the defendant corporation, charging it under RSA 70:14 with "purposely sponsor[ing] political advertising in the form of a sample ballot . . . without affixing the corporate name to the sample ballot and the name and address of the corporation['s] secretary or chairman." The defendant moved to quash the indictment on the ground that it did not constitute a statutory violation. By an order dated May 15, 1980, the court granted this motion, ruling that RSA 70:14 "makes no mention of corporations and did not give fair notice that the conduct engaged in by the defendant

corporation was proscribed." The State then moved to reinstate the indictment, asserting that the 1975 amendment to RSA 70:14 (current version at RSA 664:14 II (Supp. 1979)) required corporate acknowledgement of political advertising. Laws 1975, 101:2. The defendant objected to this motion on the ground that the indictment cannot be reinstated once it had been quashed. The court held a hearing on June 18, 1980, and on July 14, 1980, vacated its May 15, 1980, order and reinstated the indictment. The trial judge then granted the defendant's motion for an interlocutory appeal.

The defendant argues that the May 15, 1980, order quashing the indictment constituted a ruling on its sufficiency, rendered it a nullity, and terminated the court's jurisdiction. It concludes that the court, therefore, is powerless to reinstate the prosecution under the indictment. The question posed is one of first impression in this jurisdiction, and a review of commentators, the law, and related statutes of other states reveals a scarcity of recent pronouncements on the subject.

The defendant states that courts generally have held that a "nolle prosequi" or "dismissal" of an indictment effectively ends a case under that indictment. See State v. Coolidge, 109 N.H. 426, 427, 260 A.2d 563, 564 (1969). We agree, but our reading of the cases relied on by the defendant, in each instance, reveals that the cases were decided on the basis that statutes such as those governing amendment, State v. Freeman, 78 Ariz. 281, 285, 279 P.2d 440, 443 (1955), or the filing of a new information or appeal, Campbell v. Thurman, 96 Ariz. 212, 213–14, 393 P.2d 906, 908 (1964); Latson v. State, 51 Del. 377, 381–82, 146 A.2d 597, 599–600 (1958); Walker v. State, 251 Ind. 432, 436, 241 N.E.2d 792, 794 (1968); State v. McCarty, 243 Ind. 361, 368, 185 N.E.2d 732, 737 (1962); State v. Moles, 166 Ind. App. 632, 650–51, 337 N.E.2d 543, 554 (1975), were controlling. See also FED. R. CRIM. P. 12(h). See generally Annot., 112 A.L.R. 386 (1938).

■■ We do not agree with the defendant that, absent a statute or rule, the trial court's jurisdiction in the case at bar ends upon the quashing of the indictment. "Courts of general jurisdiction have inherent authority, during the term, to vacate any judgment or order that may have been made at that term. This was the rule at common law and prevails in most jurisdictions." State v. Lonon, 331 Mo. 591, 596–97, 56 S.W.2d 378, 380 (1932). "It is a general rule of the common law that all the judgments, decrees, or other orders of a court, however conclusive in their character are in its control during the term at which they are rendered, and may during that term be set aside, vacated, or modified, by that court."

*Condos v. Court,* 29 Ariz. 186, 190, 239 P. 1032, 1033 (1925) (citations omitted); *see People v. Lance,* 25 Ill. 2d 455, 456, 185 N.E.2d 221, 222 (1962); *cf. City of Keokuk v. Schultz,* 188 Iowa 937, 940, 176 N.W. 946, 947 (1920) (reinstating indictment at subsequent term when previous dismissal motion was brought by improper party).

In this jurisdiction, we have no statutes governing our practice in this area. RSA 601:8 ("Formal Errors, etc.") is not applicable as it sets forth the rule for amending an indictment as to matters of form and not substance. *State v. Bean,* 117 N.H. 185, 188, 371 A.2d 1152, 1153 (1977). *State v. Coolidge supra* also is inapplicable because therein we held that, under our practice, the entry of a *nolle prosequi* operated to discharge the indictment, and we did not consider or deal with the reinstatement of an indictment. 109 N.H. at 427, 260 A.2d at 564.

■ We therefore hold that, absent any constitutional bar, a trial court has the inherent power within a reasonable time to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction. *See* 20 AM. JUR. 2d *Courts* § 79 (1965).

We anticipate the defendant's argument that a reinstatement of the indictment will place it in double jeopardy, and we choose to address that question at this time. *In re Raymond S.,* 121 N.H. 411, 414, 430 A.2d 182, 183 (1981); *State v. Pugliese,* 120 N.H. 728, 731, 422 A.2d 1319, 1321 (1980).

■ Our review of the record does not reveal any circumstances which would pose a constitutional bar to prosecution. "The general rule is that a . . . dismissal of a criminal charge, if made prior to the time a jury is impaneled and sworn, is not a bar to a subsequent prosecution for the same offense." *State v. Lonon,* 331 Mo. at 597, 56 S.W.2d at 380; *see Crist v. Bretz,* 437 U.S. 28, 38 (1978).

> "The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where 'bad-faith conduct by judge or prosecutor,' . . . threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant. . . ."

*United States v. Dinitz*, 424 U.S. 600, 611 (1976) (citations omitted); *see State v. Janvrin*, 121 N.H. 370, 371, 430 A.2d 152, 153 (1981). Our review of the circumstances surrounding the trial judge's decision to quash the January 4, 1980, indictment reveals that the court's conclusion as to the state of the existing law " 'was at most an act of negligence' and was not the product of the type of over-reaching that will invoke double jeopardy protection." *State v. Janvrin*, 121 N.H. at 372, 430 A.2d at 152 (quoting *Lee v. United States*, 432 U.S. 23, 34 (1977)). Consequently, no double jeopardy has attached.

Nothing in this opinion should be construed as indicating that the State was barred from having reconvened a grand jury to reindict the defendant. *State v. Bussiere*, 118 N.H. 659, 664, 392 A.2d 151, 155 (1978).

*Remanded for trial.*

BATCHELDER, J., did not sit; the others concurred.