## THE STATE v. LEVI WILLIAMS, Appellant.

### Division Two, November 21, 1905.

1. **ASSAULT WITH INTENT TO KILL: Sufficiency of Evidence: Province of Jury.** The evidence in this case, which was a prosecution for assault with intent to kill, was conflicting, but it was the jury's province to settle the conflict, and there being substantial evidence to support their verdict of guilty, the appellate court will not interfere.

2. ————: **Second Information: Motion to Quash First.** When a second information is filed, the force and vitality of an information previously filed is suspended, and no error is committed by the court in refusing to sustain a motion to quash the first information.

3. ————: **Information: Sufficiency.** The information, set out in the statement of the opinion, is held sufficient to charge an assault with intent to kill.

4. ————: ————: **Deadly Weapon.** Where the assault is made by shooting with a gun or pistol or by stabbing with a knife, it is unnecessary to allege that the weapon is a deadly one, for it is recognized as such by the statute.

5. ————: ————: **Two Counts: Same Offense.** Where, as in this case, both counts of an information relate to the same transaction and charge the same offense, no error is committed by the refusal of the court to compel an election.

6. ————: **Verdict.** In a prosecution for assault with intent to kill, a verdict which finds defendant "guilty, as charged in the information, of felonious assault," is sufficient.

7. ————: **Sentence.** The judgment of sentence, set out in the opinion, is held to be in the approved form, and to contain a sufficient recital of all the ingredients essential to constitute a valid judgment.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*Burkhead & Clarke* for appellant.

(1)   This court will reverse where there is such a lack of evidence as to indicate that the jury acted from prejudice, or the evidence is so weak that the necessary inference is that the verdict was the result of passion, prejudice or partiality, and not that calm weighing of the facts in evidence which should characterize the deliberation of a jury.   State v. Hunt, 91 Mo. 490; State v. Lowe, 97 Mo. 549; State v. Glahn, 97 Mo. 679; State v. Primm, 98 Mo. 368; State v. Ballard, 104 Mo. 634; State v. Mahan, 138 Mo. 113; State v. Shackelford, 148 Mo. 493; State v. Crabtree, 170 Mo. 642.   (2)   Defendant's motion to quash the first information should have been sustained.   Section 2522, Revised Statutes 1899, is mandatory.   State v. Melvin, 166 Mo. 565.   (3)   The second count in the last information fails to allege that the alleged assault was made with intent to kill, or that it was made with a deadly weapon.   State v. Hendrickson, 165 Mo. 262.   (4)   The verdict is not a general verdict; it is a special verdict, and it should have found the facts, one of which was the intent with which the alleged offense was committed, the intent being an ingredient of the offense, although not charged in the information.   State v. Bray, 89 N. C. 480; State v. Curtis, 71 N. C. 56.   (5)   The judgment which is a part of the record proper in this case is not certain.   It should show that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury. The judgment does not even find the defendant guilty of either charge set out in the information, or of any other charge.   Gaither v. State, 21 Tex. App. 527.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State.

(1)   The issue was squarely joined, and the jury found the defendant guilty.   State v. Rollins, 186 Mo.

505.  (2)  The court did not err in overruling the motion to quash the first information when the second was filed.  State v. Eaton, 75 Mo. 589.  (3)  The information upon both counts was sufficient, but as the court instructed the jury only under the second count, it alone demands consideration.  This second count is challenged in appellant's brief for the reason that the information fails to allege that the assault was made with intent to kill, or that it was made with a deadly weapon.  The intent is alleged in the language of the statute and in the manner approved by this court.  The information charged that the assault was made with a gun.  This was sufficient.  State v. Hoffman, 78 Mo. 256; State v. Maguire, 113 Mo. 670.  (4)  The question of the form of the verdict has so recently been before the court that it is not regarded as necessary to discuss it, nor to cite authorities other than to call attention to the discussion in the following cases:  State v. DeWitt, 186 Mo. 61; State v. Cronin, 88 S. W. 604; State v. McGee, 181 Mo. 312.  (5)  The judgment entry is substantially the form approved in Kelley's Criminal Law, page 291.

FOX, J.—This cause is now before us upon an appeal by defendant from a judgment of conviction of an assault with intent to kill in the circuit court of Douglas county, Missouri.  This prosecution was begun upon information filed by the prosecuting attorney of Douglas county, on the 16th day of June, 1904.  On the 13th day of September, 1904, the prosecuting attorney filed another information charging the defendant, in two counts, with felonious assault, by shooting William Trammell with a rifle.  At the September term, 1904, the cause was continued until the March term, 1905, at which term, after unsuccessful motion to quash the first information, and after the demurrer to the first and second counts of the second information had been overruled, the defendant pleaded not guilty. The charge

as made in the second information, omitting caption, was as follows:

"Fred Stewart, prosecuting attorney for the county of Douglas, in the State of Missouri, upon his oath informs the court that Levi Williams, on or about the 9th day of June, 1904, in the said county of Douglas and State of Missouri, then and there feloniously, willfully, premeditatedly, deliberately, on purpose and of his malice aforethought, did make an attempt to kill and murder one William Trammell then and there being, and in said attempt and toward the commission of said offense and felony he, the said Levi Williams, then and there feloniously, willfully, premeditatedly, deliberately, on purpose and of his malice aforethought, with a rifle gun, being a dangerous and deadly weapon loaded with gunpowder and leaden ball which he, the said Levi Williams, then and there had and held, did shoot him, the said William Trammell, in and upon the left shoulder of him, the said William Trammell, with the intent then and there him, the said William Trammell, feloniously, willfully, premeditatedly, deliberately, on purpose and of his malice aforethought, to kill and murder, but the said Levi Williams did then and there fail in the perpetration of said offense, but through no fault of his, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State.

"And the prosecuting attorney aforesaid, upon his oath aforesaid, does further inform the court that Levi Williams, on or about the 9th day of June, 1904, in the county of Douglas and State of Missouri, in and upon one William Trammell, feloniously and on purpose and of his malice aforethought did make an assault, and did then and there on purpose and of his malice aforethought feloniously shoot him, the said William Trammell, in and upon the left shoulder of him, the said William Trammell, with a certain rifle gun loaded with

gunpowder and leaden ball which he, the said Levi Williams, then and there had and held in both his hands, with the intent then and there him, the said William Trammell, on purpose and of his malice aforethought feloniously to kill and murder, against the peace and dignity of the State." Which information was duly verified in accordance with the provisions of the statute.

On the 29th day of March, 1905, the defendant filed a motion to quash the first information, which was filed June 16, 1904, which motion was by the court overruled. On the 30th day of March, 1905, there was filed a demurrer to the second information, which was filed September 13, 1904. The grounds alleged in the demurrer to the second information were as follows:

"1. Said count fails to charge any offense under the statutes of this State or the common law.

"2. Defendant demurs to the second count, and as grounds of demurrer to said count says that said count fails to charge that the assault was made with the intent to kill."

The demurrer interposed by the defendant was overruled by the court. There was also filed on March 30, 1905, a motion asking the court to require the prosecuting attorney to elect on which count in the information he would proceed to trial. This motion was by the court denied and the trial proceeded upon the second information filed.

The charge is that the assault was committed on June 9, 1904, between nine and ten o'clock in the morning and the testimony at the trial may thus be briefly stated:

William Trammell, the party charged to have been assaulted, testified that on June 9, 1904, he was "cutting sprouts for Mr. Davis," in Douglas county, Missouri, and that without warning he was shot through the shoulder; that he looked in the direction from which the shot came and saw the defendant. "Q. What po-

sition was he in? A. He was in the corner of the fence and had the gun through a crack, and when he fired he looked over the fence.'' The prosecuting witness further testified that the defendant was about fifty steps from him at the time the shot was fired. The evidence disclosed that he was the only one who saw the defendant. There was testimony to the effect that on the following Sunday certain of the witnesses visited the scene and found evidence of a person having been recently standing in the fence corner in the position as described by the prosecuting witness. There was other testimony introduced by the State showing threats of violence on the part of the defendant at a previous difficulty. George Nelson, a witness for the State, also testified to a conversation had in the jail with the defendant, in which the witness states that defendant said to him in the course of the conversation, ''If I was guessing at the gun that shot Trammell, I would guess it was Jake's old rifle, and I have killed many a squirrel with the gun that shot him.''

The defendant testified in his own behalf, and denied absolutely shooting the prosecuting witness, and further stated that he was not present at the time and place of the shooting, but at a different place. Wilson Williams, a witness for the defendant, testified that when the shot was fired he was some ten or fifteen corn rows from where Trammell was. This witness says that he heard the shot fired and that Trammell remarked that someone had shot him and says, ''hold your horses.'' This witness further stated that he stopped his horse and looked around to see what was the matter when the shot was fired and that he did not see anybody. He further testified that the prosecuting witness, Trammell, in a conversation with witness said that it was Shug Williams—said that Shug Williams was the man who pulled the trigger. Other witnesses were introduced by the defendant who testified that prosecuting witness, Trammell, told them on the same

day and several days afterwards that he did not see anyone at the time of the shooting and did not know who shot him, but that he believed that Shug Williams pulled the trigger. There were other witnesses whose testimony tended to prove an alibi.

This is a sufficient indication of the tendency of the proof upon which this cause was submitted to the jury to enable us to determine the legal propositions presented. At the close of the evidence the court instructed the jury and confined its instructions to the second count in the information. The jury returned the following verdict:

"We, the jury, find the defendant guilty, as charged in the information, of felonious assault, and assess his punishment at two years in the State penitentiary."

From the judgment of sentence entered in accordance with the verdict, the defendant, after the filing of his motions for new trial and in arrest of judgment, in due time and form prosecuted his appeal, and the cause is now before us for review.

### OPINION.

The record in this cause discloses numerous complaints of error on the part of the trial court as a basis for the reversal of the judgment in this cause. We will treat the errors assigned and complained of in the order in which they are presented by learned counsel for appellant in their brief.

I. It is insisted by appellant that the verdict returned in this cause is unsupported by the evidence and that the jury reached their conclusion as to defendant's guilt upon mere suspicion. After a careful consideration of the testimony disclosed by the record, all of which we have read in detail, we are unable to give our assent to this insistence. The prosecuting witness, whom it is charged the defendant assaulted, testifies in

no uncertain terms that it was the defendant who shot him, and particularly details where he was and the manner of firing the shot which inflicted the wound. Now, while it is true there is testimony on the part of the defendant which contradicts this witness, and tends to establish the falsity of his testimony, yet to whom must we look under our system of jurisprudence to settle this conflict of evidence? There can be but one answer, and that is, the jury. This witness was before the jury, as well as all the other witnesses in the cause, and doubtless the jury applied all the tests as to their credibility and the weight to be attached to their testimony; it was the special province of the jury to weigh the testimony and determine therefrom the issues joined between the State and defendant. As has frequently been said by this court, the jury has opportunities not afforded the appellate court, for determining the credibilty of witnesses and the weight to be attached to their testimony, and when the verdict is supported by substantial evidence this court will not retry the cause upon the disclosures of the record and thereby usurp the province of the jury by undertaking to say upon which side the evidence preponderates. The evidence in this cause is no exception to the ordinary cases of this character; it is usually conflicting, and unless there is an absence of substantial testimony to support the verdict, or some indications from the record that the conclusion reached by the jury was the result of passion or prejudice, their verdict will not be disturbed on the ground of such conflict in the evidence.

II. It is next urged that the court committed error in its refusal to sustain the motion to quash the first information upon the filing of the second information by the prosecuting attorney. There was no prejudicial error in the action of the court upon the motion. The defendant could not be tried upon the first information, so long as the second one was pending unquashed. Under the provisions of section 2522, Revised Statutes

1899, it was a matter of no consequence to the defendant whether the court quashed or refused to quash the first information, for its force and vitality was suspended by the filing of the second information, and such suspension remained so long as there was no disposition of the second information. In State v. Eaton, 75 Mo. 586, the rule of construction announced in the cases of State v. Smith, 71 Mo. 45, and State v. Webb, 74 Mo. 333, of section 2522, supra, was departed from, and in State v. Melvin, 166 Mo. 565, the Eaton case was approved and the rule as announced in that case was followed, and it was thus stated: "There is nothing in the section to impair, in any manner whatever, the second indictment. Certainly a plea to the jurisdiction could not be maintained. The court does not lose jurisdiction of the cause, because a former indictment, unquashed, was preferred. The right of the State to find a second indictment against the accused for the same offense, is distinctly recognized by the statute. The accused may have the first quashed. The court might, without any motion filed by him for that purpose, quash the first indictment, but whether it is quashed or not, is a matter of no consequence in the prosecution of the second indictment."

III. The correctness and validity of the second information is challenged and appellant insists that the demurrer interposed to the second information should have been sustained and that the overruling of it constituted error. Upon this contention it is only necessary to say that both counts in the information are sufficient. While the first count contains some unnecessary allegations, yet, ignoring those and treating them as mere surplusage, enough remains to constitute a valid charge based upon section 1847, Revised Statutes 1899. The second count properly charges an assault with intent to kill. It is unnecessary, where the assault is made by shooting at another with a gun or pistol, or by stabbing with a knife, to allege that the wea-

pon was a deadly one. Such instruments are treated and recognized by the statute as being deadly weapons. [State v. Hoffman, 78 Mo. 256; State v. Maguire, 113 Mo. 670.] The information sufficiently charges that the shooting of prosecuting witness was with the intent to kill, and must be held good.

There is no merit in the complaint that the court refused to compel the State to elect upon which count of the information it would proceed to trial. Both counts of the information relate to the same transaction and charge the same offense and there was no error in the refusal of the court to compel an election. [State v. Rollins, 186 Mo. l. c. 505, and cases cited.]

IV. It is next urged that the verdict is insufficient in form and substance. The verdict recited that the jury finds the defendant guilty as charged *in the information,* of felonious assault, and we are of the opinion it is sufficient. The charge against the defendant is that the assault was made with the intent to kill and when the jury finds him guilty of a felonious assault, *as charged,* all the essential elements of the offense are incuded in such finding. [State v. McGee, 181 Mo. 312; State v. Bohle, 182 Mo. 58; State v. Graham Smith, 190 Mo. 706.

V. Finally, the appellant challenges not only the form but the validity of the judgment of sentence entered of record in this cause. This judgment, omitting caption, is as follows: "The defendant being now asked if he had any legal cause to show why judgment and sentence should not be pronounced against him according to law, the defendant failing to show such cause, it is therefore adjudged and ordered by the court that the said defendant, Levi Williams, be confined in the penitentiary of the State of Missouri for a period of two years from this date, and that the sheriff of this said county, shall, without delay, remove and safely convey the said defendant to the said penitentiary, and there

to be kept and dealt with according to law, and the warden of said penitentiary is required to receive and safely keep the said defendant in the said penitentiary until this judgment and sentence be complied with or until the said defendant shall be otherwise discharged by due course of law."

This judgment entry is substantially in the form approved by Judge Kelley in his Criminal Law and Practice, and we are of the opinion that it contains a sufficient recital of all the essential ingredients necessary to constitute it a valid judgment.

We have thus given expression to our views upon every proposition urged by learned counsel for appellant in their brief. The evidence was sufficient to support the verdict; the instructions of the court fully covered the law upon every phase of the case to which the testimony was applicable, and finding no reversible error, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.