STATE of Missouri, Respondent,

v.

Delbert BERRY, Appellant.

No. 44840.

Supreme Court of Missouri,

Division No. 2.

Feb. 11, 1957.

Cross & Cross, Lathrop, R. D. Farris, E. A. Farris, Richmond, D. A. Thompson, C. H. Sloan, Wilson D. Hill, Richmond, for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

A jury has found that Delbert Berry was guilty of manslaughter when he shot Preston Hutchings on April 7, 1951, in Excelsior Springs, Clay County, Missouri. The jury was unable to agree on the punishment to be inflicted, however, and the trial court fixed his punishment at five years' imprisonment. V.A.M.S. § 546.440. Upon this appeal, as in the trial of his case, the appellant is represented by several very capable, experienced lawyers and they have briefed and preserved for review the single question, Sup.Ct. Rule 28.02, 42 V.A.M.S.; State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, of whether or not the present record and conviction is an instance of double jeopardy.

The record circumstances upon which the appellant relies as demonstrating double jeopardy are these: After Mr. Hutchings' death the appellant was charged first in magistrate court and thereafter, by information, in the Circuit Court of Clay County with murder in the first degree. The information was filed on May 9, 1951, and upon the appellant Berry's application a change of venue was granted to Carroll County, which together with Ray and Clay counties comprise the Seventh Judicial Circuit. V.A.M.S. § 478.097. There, in September 1951, Berry was tried, but, in the language of the appellant's brief, "At the conclusion of the evidence, instructions and arguments, the jury retired to consider a verdict, *and being unable to agree upon one,* (italics supplied) the trial Court Hon. James S. Rooney, discharged the jury, and continued the case for one week, for trial at the same September 1951 term; * *." Thereafter the case was continued "from term to term" for more than two years and, finally, was set for trial on January 18, 1954. "A venire of prospective jurors had been assembled, sworn and challenged, *but the trial jury had not been sworn.*" Whereupon, the prosecuting attorney of Clay County, over the objections of the appellant, made this oral entry in the record; "State enters nolle pros." Upon being questioned by defense counsel the prosecuting attorney announced that he had "re-

filed this case" in the Magistrate Court of Clay County, he said, "I have disposed of this case, which is in my discretion. It's a discretionary power which I do have as prosecuting attorney, and I have disposed of it." After a preliminary hearing in the Magistrate Court of Clay County, in which the appellant timely urged his plea of double jeopardy, an information was again filed in the Circuit Court of Clay County, charging Berry with the murder of Hutchings on April 7, 1951. Upon Berry's application a change of venue was granted to Ray County where he was convicted, pleading throughout that his second trial and conviction violated due process and the prohibitions against double jeopardy under both the state and federal constitutions. Amendments V and XIV, Constitution of the United States; V.A.M.S.Const. Mo. Art. 1, §§ 10, 19; V.A.M.S. §§ 556.240, 556.260.

In part, the appellant's argument is based upon a misconception; the Missouri constitutional prohibition against double jeopardy applies only "after being once acquitted by a jury." Const. Mo. Art. 1, § 19; State v. Linton, 283 Mo. 1, 222 S.W. 847; State v. Buente, 256 Mo. 227, 165 S.W. 340. Upon the first trial of this case the jurors were unable to agree upon a verdict and for that reason were discharged, but the "hung jury" was not an "acquittal" of the defendant, did not entitle him to a discharge, and he was not thereby placed in jeopardy within the meaning of the constitutional provision. State v. Copeland, 65 Mo. 497; State v. Dunn, 80 Mo. 681; 22 C.J.S., Criminal Law, § 260, p. 398. This fact alone may be sufficient to dispose of the appellant's contention that his constitutional rights have been infringed. But the constitutional provision concerning double jeopardy also provides that "if the jury fail to render a verdict the court may, in its discretion, discharge the jury and commit or bail the prisoner for trial at the same or next term of court", Const. Mo. Art. 1, § 19, and,

therefore, it is urged, in the event of a "hung jury," that the subsequent procedure in a criminal case "is limited solely to and confers upon the trial Court power only to put the defendant upon trial at the same or the next term of the Court" in the same case upon the same information or indictment. In the first place, as the appellant concedes, this procedure was precisely followed until the cause was finally set for trial on January 18, 1954. In the second place, this particular provision is not inconsistent with and does not specifically abolish other statutory and common-law procedure incident to the prosecution and trial of criminal causes.

There are exceptions to the constitutional provision, however, and, in addition, the common law of former jeopardy is in force, State v. Linton, supra and applies when the defendant has been "acquitted or convicted", V.A.M.S. § 556.240, and the question upon this record is whether the plea of former jeopardy falls within any of the exceptions, the statutes or the common law. One of the ancient powers incident to the office of prosecuting attorney is the power, at the appropriate time, to enter a nolle prosequi, State ex rel. Griffin v. Smith, 363 Mo. 1235, 258 S.W.2d 590, which, admittedly, the prosecuting attorney did when the case was called for trial on January 18, 1954. "A venire" had been summoned but, unlike many of the cases relied upon, a trial jury had not been empaneled and sworn to try the cause. Compare: State v. Patterson, 116 Mo. 505, 22 S.W. 696; State v. Mason, 326 Mo. 973, 33 S.W.2d 895; State v. Linton, supra. The "hung jury" was neither a conviction nor an acquittal and the entry of a nolle prosequi on January 18, 1954, was not an acquittal and, of course, did not place the defendant in jeopardy. State v. Montgomery, Mo., 276 S.W.2d 166; State v. Taylor, 171 Mo. 465, 71 S.W. 1005. In the ancient and hortatory language of lawyers the effect of a nolle prosequi " ' "is to put the

defendant without day, that is, he is discharged and permitted to leave the Court without entering into a recognizance to appear at any other time; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense, or fresh process may be issued against him upon the same indictment and he be tried upon it." ' " State v. Lonon, 331 Mo. 591, 598, 56 S.W.2d 378, 381; State v. Goddard, 162 Mo. 198, 62 S.W. 697. The pendency of a former indictment or information, V.A.M.S. § 546.010, is not a bar to a second indictment or information for the same offense, State v. Eaton, 75 Mo. 586; State v. Williams, 191 Mo. 205, 90 S.W. 448, and if there be pending at the same time two informations for the same offense the first is deemed suspended or quashed. Sup.Ct. Rule 24.14; V.A.M.S. § 545.110. Upon its facts and circumstances, up to this point, the proceedings and record in this case are indistinguishable from the record and circumstances in State v. Goddard, supra.

■ The difference in this and all other records is that here, after the entry of the nolle prosequi, the "Circuit Clerk's Record Entries" recite "Nolle Prosequi. Now on this day comes the Prosecuting Attorney of Clay County, Missouri, as well as the Defendant, in his own proper person and by his attorneys, and on Motion of the Prosecuting Attorney, it is by the Court ordered that a Nolle Prosequi be entered herein. Wherefore, it is considered and adjudged by the Court that the *Defendant go hence without day, fully acquitted and discharged* and that he recover of the State of Missouri his costs in this behalf expended and incurred." The appellant seizes upon this language of the entry, "fully acquitted and discharged," and Supreme Court Rule 26.10 which substitutes a motion for judgment of acquittal for a motion for a directed verdict and argues that the record bespeaks verity and this court, having entrusted the trial court with the discretionary power to enter a judg-

ment of acquittal "if and when such court concludes that as a matter of law the evidence adduced is not sufficient to sustain a judgment of conviction of such offense," is bound by the record recital of an acquittal and discharge. It is not necessary to demonstrate that this rule (26.10) has nothing to do with the circumstances of this record. The entry itself shows that the court did not conclude as a matter of law upon "the evidence adduced" that the evidence was insufficient to sustain a conviction. In its context the entry was plainly made in consequence of the nolle prosequi. And, the entry of a nolle prosequi is not such a step in criminal procedure as to compel the entry of a judgment of acquittal as was the fact in State v. Wear, 145 Mo. 162, 46 S.W. 1099. The entry may be considered in another view; at common law the trial court has no power to enter a nolle prosequi (5 Cr.L.M., p. 1), as indicated, that power lies solely within the discretion of the prosecuting attorney and once he properly exercises that prerogative of his office "the respondent [a circuit judge] lost jurisdiction of the criminal cause." State ex rel. Griffin v. Smith, supra [363 Mo. 1235, 258 S.W.2d 595]. In this view the specific language of the entry may be treated as surplusage and so treated the case again falls within State v. Goddard, supra.

■■ That part of the Fifth Amendment to the Constitution of the United States which says "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb" is a restriction upon federal power (annotation 97 L.Ed. 467), and it is not believed that the procedure in this case is so shocking as to violate due process under either the state or federal constitutions. Fourteenth Amendment, Constitution of the United States; Barrington v. State of Missouri, 205 U.S. 483, 27 S.Ct. 582, 51 L.Ed. 890; Brock v. State of North Carolina, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456.

Accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.