

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED108716 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1722-CR04019-01 |
| | ) | |
| GREGORY SHEGOG, | ) | Honorable Thomas C. Clark II |
| | ) | |
| Appellant. | ) | Filed:  May 11, 2021 |

Gregory Shegog ("Defendant") appeals the judgment, following two jury trials, convicting him of one count of first-degree assault of a law enforcement officer (Count I), one count of armed criminal action (Count II), and one count of unlawful possession of a firearm (Count V).[1]  The trial court sentenced Defendant as a prior offender to a total of twelve years of imprisonment.

On appeal, Defendant argues, (1) there was insufficient evidence to support his conviction for unlawful possession of a firearm in Count V; and (2) the trial court erred in failing to dismiss Defendant's underlying charges for first-degree assault of a law enforcement officer and armed criminal action in Counts I and II with prejudice, and the trial court lacked authority

---

[1] As explained below, during Defendant's first jury trial, (1) the jury acquitted Defendant on Counts III and IV, which were charges for first-degree assault of a law enforcement officer and armed criminal action involving the shooting of police officer Jonathan Senf; (2) the jury could not reach a verdict as to Counts I and II, which were charges for first-degree assault of a law enforcement officer and armed criminal action involving the shooting of police officer Bryan Lemons; and (3) the jury found Defendant guilty of Count V, which was a charge for unlawful possession of a firearm.  Defendant was subsequently retried by jury on Counts I and II, and the jury found him guilty of both offenses.

to retry Defendant for those counts, because during Defendant's first jury trial the jury was unable to reach a unanimous verdict as to Counts I and II, and then the counts were not retried during "the same or next term of court" in accordance with portions of Article I, Section 19 of the Missouri Constitution ("Article I, Section 19 of the Missouri Constitution" or "Article I, Section 19").[2] We would affirm the trial court's judgment, but due to the general interest and importance of the constitutional issue involved herein, we transfer this case to the Supreme Court of Missouri pursuant to Missouri Supreme Court Rule 83.02 (2021).[3]

## I.     BACKGROUND

In December 2017, Defendant was charged by indictment with two counts of first-degree assault of a law enforcement officer (Counts I and III), two counts of armed criminal action (Counts II and IV), and one count of unlawful possession of a firearm (Count V) relating to an incident that occurred on October 4, 2017. Counts I and II related to Defendant's alleged involvement in shooting police officer Bryan Lemons; Counts III and IV related to Defendant's alleged involvement in shooting police officer Jonathan Senf; and Count V alleged Defendant knowingly possessed a firearm and he was previously convicted of a felony.

In April 2018, the trial court committed Defendant to the custody of the Department of Mental Health ("DMH") for a competency determination. In December 2018, the trial court ordered criminal proceedings to resume based on a DMH report advising that Defendant was competent to proceed. Two jury trials subsequently took place, the details of which are explained in relevant part below.

---

[2] Article I, Section 19 of the Missouri Constitution provides in relevant part that: ". . . if the jury fail to render a verdict the court may, in its discretion, discharge the jury and commit or bail the prisoner for trial at the same or next term of court . . .." Article I, Section 19 will be set out in full and discussed in detail in Section II.B.3. of this opinion.
[3] All further references to Rule 83.02 are to Missouri Supreme Court Rules (2021).

**A.    Relevant Portions of Defendant's First Jury Trial and Subsequent Procedural Posture**

Defendant's first jury trial began on July 22, 2019.  During a pre-trial hearing outside of the presence of the jury, Defendant testified under oath before the court that on December 6, 1982, he pleaded guilty to one count of possession of a controlled substance (heroin) and one count of carrying a concealed weapon.  Defendant also testified he was sentenced to a total of five years of imprisonment for the offenses.  The trial court confirmed Defendant's testimony by examining and taking judicial notice of the underlying court file for Defendant's two prior offenses, and the court found Defendant to be a prior offender under section 558.016 RSMo.

During the assistant circuit attorney's opening statement, he told the jury in relevant part: "A stipulation from [ ] [D]efendant will tell you that he is a convicted felon for whom possession of a firearm is illegal.  That's the fifth count."  Defense counsel then told the jury during her opening statement: "[L]et's talk about the conviction.  Yes, [Defendant] does have convictions. The most recent ones are from the mid-1980's . . ..  He has served his time on those crimes, and since then he has had no convictions."

Officers Lemons and Senf, the alleged-victims in this case, testified in relevant part that on October 4, 2017, they responded to a radio call of "shots fired" in an area of the City of St. Louis, and Defendant subsequently fired a gun in their direction.  In addition, Detective Nicholas Holt saw Defendant with a gun in his hand two separate times during the incident.

The jury retired to deliberate mid-day on July 24, 2019, and the trial court dismissed the jurors for the evening shortly after 5:00 p.m.  Deliberations resumed the next morning.  In mid-afternoon on July 25, the jurors notified the court they had "unanimously decided three counts" and were "firmly deadlocked on two counts."  The trial court questioned the foreperson, who told the court he thought further deliberations on the two counts on which the jurors were deadlocked would not be productive.

3

Thereafter on July 25, the jury thereafter returned verdicts of not guilty on Counts III and IV (the charges for first-degree of a law enforcement officer and armed criminal action involving the shooting of Officer Senf), and the jury returned a verdict of guilty for Count V (the charge of unlawful possession of a firearm). On that same date, the trial court accepted the jury's verdicts on Counts III, IV, and V, and the court declared a mistrial on Counts I and II (the charges for first-degree assault of a law enforcement officer and armed criminal action involving the shooting of Officer Lemons).

On August 5, 2019, the trial court set Counts I and II for retrial on October 7, 2019. The State requested a continuance, alleging it was unavailable for trial on October 7 because the assistant circuit attorney who had tried the first jury trial was trying another case that day. On October 10, Defendant filed a Notice of Objection to Trial Continuance ("Notice of Objection to Trial Continuance" or "Notice of Objection") based on portions of Article I, Section 19 of the Missouri Constitution, requesting the court to dismiss Counts I and II with prejudice if the case was not retried before the beginning of the November 2019 term of court on November 11, 2019.

The trial court continued the case until November 4, and the State filed a response to Defendant's Notice of Objection. On November 4, the trial court heard Defendant's Notice of Objection. At the hearing, defense counsel announced the defense was ready for trial and objected to a further continuance based on portions of Article I, Section 19 of the Missouri Constitution. The State requested a second continuance on the grounds it was unavailable for trial because the assistant circuit attorney who had tried the first jury trial was "on [p]aternity leave" and would not be returning to work until the first week of December 2019. Over Defendant's objection, the trial court continued the case until January 6, 2020.

**B.     Relevant Portions of Defendant's Second Jury Trial and Subsequent Procedural Posture**

The retrial on Counts I and II (charges for first-degree assault of a law enforcement officer and armed criminal action involving the shooting of Officer Lemons) began on January 6, 2020.  The jury ultimately found Defendant guilty of Counts I and II.[4]

Defendant then filed a motion for judgment of acquittal notwithstanding the verdict, or in the alternative, motion for new trial ("Defendant's post-trial motion").  Defendant's post-trial motion asserted the trial court erred in overruling Defendant's objections to the retrial of Counts I and II beyond the deadline in Article I, Section 19 of the Missouri Constitution.

The trial court denied Defendant's post-trial motion, and the court entered a judgment in accordance with the jurys' verdicts convicting Defendant of Counts I, II, and V.  The trial court sentenced Defendant as a prior offender to a total of twelve years of imprisonment.  This appeal followed.

## II.     DISCUSSION

Defendant raises two points on appeal arguing, (1) there was insufficient evidence to support his conviction for unlawful possession of a firearm in Count V; and (2) the trial court erred in failing to dismiss Defendant's underlying charges for first-degree assault of a law enforcement officer and armed criminal action in Counts I and II with prejudice, and the trial court lacked authority to retry Defendant for those counts, because during Defendant's first jury trial the jury was unable to reach a unanimous verdict as to Counts I and II, and then the counts were not retried during "the same or next term of court" in accordance with portions of Article I, Section 19 of the Missouri Constitution.

---

[4] It is unnecessary to discuss the evidence presented at trial with respect to Counts I and II because Defendant does not contest the sufficiency of the evidence to support these convictions on appeal.

5

**A.      Defendant's Sufficiency-of-the-Evidence Claim**

In Defendant's first point on appeal, he challenges the sufficiency of the evidence to support his conviction for unlawful possession of a firearm in Count V.  As applied to this case, the crime of unlawful possession of a firearm consists of two elements: (1) knowing possession of a firearm; (2) by a person who has previously been convicted of a felony.  *State v. Fikes*, 597 S.W.3d 330, 334 (Mo. App. W.D. 2019); *see* section 571.070.1(1) RSMo 2016 (effective January 1, 2017 to August 27, 2020).

In this case, Defendant does not dispute there was sufficient evidence to prove he knowingly possessed a firearm on October 4, 2017 (the date the crime allegedly occurred).  Instead, Defendant argues there was insufficient evidence to prove he had previously been convicted of a felony.  As explained below, defense counsel admitted during her opening statement that Defendant had been previously convicted of a felony, thereby waiving or dispensing with the production of evidence relating to this element.

"The general rule is that when a defendant makes a voluntary judicial admission of fact before the jury, it serves as a substitute for evidence and dispenses with proof of the actual fact.  The admission is conclusive on him for the purpose of the case." *State v. Denzmore*, 436 S.W.3d 635, 643 (Mo. App. E.D. 2014) (quoting *State v. Eacret*, 456 S.W.2d 324, 327 (Mo. 1970)); *see also State v. Nickels*, 598 S.W.3d 626, 638 (Mo. App. E.D. 2020).  Moreover, "[a]n admission made by an attorney in open court during trial which is against the interests of his clients is presumed to be true and courts are warranted in acting thereon." *Denzmore*, 436 S.W.3d at 643 (quotation omitted); *see also Nickels*, 598 S.W.3d at 638.  Accordingly, when defense counsel admits in open court that a defendant is guilty of a particular element of a crime, (1) the defendant waives or dispenses with the production of evidence relating to that element; and (2) the defendant's admissions are sufficient to meet the State's burden of proof as to the element.

*See Denzmore*, 436 S.W.3d at 643 (similarly finding with respect to a defense counsel's admission in open court that defendant was guilty of a particular count).

In this case, during the assistant circuit attorney's opening statement, he told the jury in relevant part: "A stipulation from [ ] [D]efendant will tell you that he is a convicted felon for whom possession of a firearm is illegal. That's the fifth count." Defense counsel then told the jury during her opening statement: "[L]et's talk about the conviction. Yes, [Defendant] does have convictions. The most recent ones are from the mid-1980's . . .. He has served his time on those crimes, and since then he has had no convictions."

We find defense counsel's statements during her opening statement, considered in the context of the assistant circuit attorney's opening statement, constituted an admission that Defendant had previously been convicted of a felony. *See id.* (holding words used by defense counsel in his opening statement and closing argument constituted an admission of the defendant's guilt). By admitting he had previously been convicted of a felony, Defendant waived or dispensed with the production of evidence relating to that element, and Defendant's admissions are sufficient to meet the State's burden of proof as to the element. *See id.* Accordingly, we would hold Defendant's claim asserting there was insufficient evidence to support his conviction for unlawful possession of a firearm in Count V has no merit. Defendant's first point on appeal is denied. *See id.* at 641-43 (denying a defendant's point claiming there was insufficient evidence to support his conviction under similar circumstances).

## B. Defendant's Constitutional Claim

In Defendant's second and final point on appeal, he asserts the trial court erred in failing to dismiss Defendant's underlying charges for first-degree assault of a law enforcement officer and armed criminal action in Counts I and II with prejudice, and the trial court lacked authority to retry Defendant for those counts, because during Defendant's first jury trial the jury was

7

unable to reach a unanimous verdict as to Counts I and II, and then the counts were not retried during "the same or next term of court" in accordance with portions of Article I, Section 19 of the Missouri Constitution. Article I, Section 19 provides in relevant part: ". . . if the jury fail to render a verdict the court may, in its discretion, discharge the jury and commit or bail the prisoner for trial at the same or next term of court . . .."

### 1.      Relevant Facts, Preservation, and an Issue of First Impression

Defendant's first jury trial began on July 22, 2019, during the May 2019 term of the court.[5] On July 25, the trial court declared a mistrial on Counts I and II after the jury was unable to reach a unanimous verdict as to those counts. The trial court's next term (i.e., the August 2019 term) began on August 12, 2019 and ended on November 8, 2019. Because Defendant's second jury trial retrying Defendant of Counts I and II did not begin until January 6, 2020, he was not retried during "the same or next term of court."

Because the trial court failed to retry him on Counts I and II during "the same or next term of court," Defendant contends the trial court lacked authority under Article I, Section 19 of the Missouri Constitution to retry him on those counts at all. A similar argument was raised in *State v. Pierce*, 433 S.W.3d 424, 428-30 (Mo. banc 2014) and *State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008). Nevertheless, in both of those cases, the Missouri Supreme Court did not decide the issue of whether a trial court lacks authority to retry a defendant under Article I, Section 19 where the jury did not reach a verdict and retrial did not occur within "the same or next term of court," because the defendants in *Pierce* and *Fassero* had waived any claim for relief by failing to adequately preserve the issue by raising it to the trial court in a timely manner. *Pierce*, 433 S.W.3d at 428-30 (indicating a claim under Article I, Section 19 is preserved for

---

[5] "Because the St. Louis City Circuit Court has no local rule governing terms of court, section 478.205 [RSMo] establishes those terms. It sets four terms each year, and those terms begin on the second Monday of each February, May, August, and November." *State v. Pierce*, 433 S.W.3d 424, 428 n.2 (Mo. banc 2014); *see also* section 478.205 RSMo 2016.

8

appeal when a defendant raises the claim to the trial court when it is still possible for the court to comply with "the same or next term of court" deadline); *Fassero*, 256 S.W.3d at 117 (indicating a claim under Article I, Section 19 is preserved for appeal when it is raised to the trial court "at the first opportunity").

In this case, and unlike the defendants in *Pierce* and *Fassero*, Defendant adequately preserved his Article I, Section 19 claim when he invoked the constitutional provision both when it was still possible for the court to comply with "the same or next term of court" deadline and at the first opportunity. *Cf. id.* Specifically, Defendant filed his Notice of Objection to Trial Continuance on October 10, 2019, three days after he learned the State was requesting a continuance from the original retrial date of October 7, 2019, and Defendant's Notice of Objection invoked Article I, Section 19 and requested the court to dismiss Counts I and II with prejudice if the case was not retried before the beginning of the November 2019 term of court on November 11, 2019. Moreover, Defendant continued to preserve his constitutional claim, by raising it again, (1) when the State requested another continuance from the second retrial date of November 4, 2019; and (2) in Defendant's post-trial motion.

In short, the *adequately preserved* issue raised on appeal here – whether a trial court has authority to retry charges where the jury did not reach a verdict in the first trial and the retrial did not occur during "the same or next term of court" in accordance with Article I, Section 19 of the Missouri Constitution – is one of first impression for Missouri Courts.

2.     **Standard of Review**

Interpretation of a provision in the Missouri Constitution is an issue of law that an appellate court reviews de novo. *StopAquila.org v. City of Peculiar*, 208 S.W.3d 895, 899 (Mo. banc 2006). "In general, constitutional provisions are subject to the same rules of construction as

9

other laws, except that constitutional provisions are given a broader construction due to their more permanent character." *Id*.

### 3. Article I, Section 19 and Analysis of Defendant's Arguments on Appeal

Article I, Section 19, titled "Self-incrimination and double jeopardy," provides in full:

> That no person shall be compelled to testify against himself in a criminal cause, nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury; but *if the jury fail to render a verdict the court may, in its discretion, discharge the jury and commit or bail the prisoner for trial at the same or next term of court* and if judgment be arrested after a verdict of guilty on a defective indictment or information, or if judgment on a verdict of guilty be reversed for error in law, the prisoner may be tried anew on a proper indictment or information, or according to the law.

(emphasis added). "The purpose of ["the same or next term of court"] constitutional deadline is to ensure that neither the defendant nor the [S]tate is disadvantaged by stale evidence or fading memories when the only reason for the retrial is the first jury's failure to reach a verdict." *Pierce*, 233 S.W.3d at 429.

In this case, Defendant's claim on appeal assumes that where a jury does not reach a verdict on charges, Article I, Section 19 explicitly requires the charges to be dismissed whenever they are not retried during "the same or next term of court." We would disagree because, (a) we would hold the above-emphasized language of Article I, Section 19 at issue in this appeal is directory rather than mandatory, and therefore, the trial court was not required to dismiss Defendant's charges for Counts I and II when they were not retried during "the same or next term of court"; (b) we would find our proposed holdings are consistent with the trial court's authority and discretion to continue a case for good cause and with language in Missouri Supreme Court Rule 20.01(c) (2019)[6]; and (c) we would find Defendant's arguments that our Court should not consider Rule 20.01(c) in interpreting Article I, Section 19 have no merit.

---

[6] All further references to Rule 20.01 are to Missouri Supreme Court Rules (2019).

**a.** **We Would Hold the Language of Article I, Section 19 at Issue in this Appeal Is Directory Rather than Mandatory, and Therefore, the Trial Court Was Not Required to Dismiss Defendant's Charges for Counts I and II When They Were Not Retried During "The Same or Next Term of Court"**

Language is generally considered to be "directory" when it is "[an] instruction to act in a way that is advisable, but not absolutely essential." *See Black's Law Dictionary* (11th ed. 2019)[7] (similarly defining "directory requirement"). In contrast, a "mandatory" act or duty is one which is "required." *See id*.; *Black's Law Dictionary* (similarly defining "mandatory").

"Constitutional provisions are to be construed as mandatory unless, by express provision or by necessary implication, a different intention is manifest." *StopAquila.org*, 208 S.W.3d at 899 (quotation omitted). "The use of the word 'shall' normally indicates a mandatory duty . . .. However, utilizing the word 'shall' 'does not inevitably render compliance mandatory, when [there] has not [been] prescribed a sanction for noncompliance.'" *State v. Wilkerson*, 330 S.W.3d 851, 856 (Mo. App. W.D. 2011) (citing *State v. Teer*, 275 S.W.3d 258, 261 (Mo. banc 2009) and quoting *State ex rel. State v. Parkinson*, 280 S.W.3d 70, 76 (Mo. banc 2009) (quotation omitted)); *see also Carmack v. Director, Missouri Dept. of Agriculture*, 945 S.W.2d 956, 959 (Mo. banc 1997) (finding a constitutional provision was mandatory rather than directory where it used the word "shall").

As previously indicated, the language of Article I, Section 19 at issue in this appeal is: ". . . if the jury fail to render a verdict the court may, in its discretion, discharge the jury and commit or bail the prisoner for trial at the same or next term of court . . .." We find this language indicating retrial should occur during "the same or next term of court" is directory by necessary implication because, (1) there is the absence of the word "shall" in the relevant text; and (2) there is no sanction (dismissal of charges or otherwise) prescribed in the relevant text for

---

[7] All further references to *Black's Law Dictionary* are to 11th ed. 2019.

11

noncompliance, i.e., there is no sanction prescribed for when a trial court fails to retry charges during "the same or next term of court." *See StopAquila.org*, 208 S.W.3d at 899; *Carmack*, 945 S.W.2d at 959; *Wilkerson*, 330 S.W.3d at 856 (citing *Teer*, 275 S.W.3d at 261 and quoting *Parkinson*, 280 S.W.3d at 76); *Black's Law Dictionary* (defining "directory requirement" and "mandatory"); *see also Pierce*, 433 S.W.3d at 428-30 (holding in Section II of the majority opinion that there is no constitutional language in Article I, Section 19 explicitly imposing the consequence of charges to be dismissed whenever a case is not retried during "the same or next term of court").[8]

Because we would hold the language in Article I, Section 19 is directory rather than mandatory, we would also find the trial court was not required to dismiss Defendant's charges for Counts I and II when they were not retried during "the same or next term of court." *See id.*

### b. We Would Find Our Proposed Holdings in the Previous Subsection are Consistent with A Trial Court's Authority and Discretion to Continue a Case for Good Cause and Language in Rule 20.01(c)

Additionally, we would find our holdings in the previous subsection are consistent with a trial court's authority and discretion to grant a continuance of a defendant's trial for good cause. *See* section 545.710 RSMo 2016 ("[c]ontinuances may be granted to either party in criminal cases for good cause shown"); Rule 24.08 ("[f]or good cause shown, the court may continue a criminal proceeding to a fixed day, or to a date for trial to be set thereafter"); *State v. Brown*, 444 S.W.3d 484, 488 (Mo. App. W.D. 2014) ("[i]n most circumstances, the decision to grant a continuance rests in the sound discretion of the trial court") (quoting *State v. Griffin*, 848 S.W.2d 464, 468 (Mo. banc 1993)). Notably, Article I, Section 19 contains no language indicating the

---

[8] *Contra Pierce*, 433 S.W.3d at 436, 437 ((Section I of opinion of Stith, J., concurring in the result of Section II of the majority opinion, and Teitelman, J., concurring in Section I of opinion of Stith, J.) (asserting "Article I, section 19 requires that, when a mistrial is declared because the jury cannot reach a verdict, the case must be set for retrial in the same or the following term" and that "[l]ike classic double jeopardy, the retrial deadline precludes retrial of a defendant if its requirements are not met")).

trial court cannot grant a continuance of a defendant's trial for good cause. *See* Article I, Section 19.[9]

Our proposed holdings that the language in Article I, Section 19 is directory rather than mandatory, and that the trial court was not required to dismiss Defendant's charges for Counts I and II in this case when they were not retried during "the same or next term of court," are also consistent with language in Rule 20.01(c). Rule 20.01(c), titled "Unaffected by Expiration of Term," explicitly provides:

> The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any criminal proceedings pending before it, which it is otherwise by law authorized to do or take.

We find this language of Rule 20.01(c), viewed in the context of Article I, Section 19, indicates a trial court has authority to retry a defendant after the expiration of "the same or next term of court." *See Fassero*, 256 S.W.3d at 117 n.3 (indicating Rule 20.01(c) is relevant to a determination of whether Article I, Section 19 of the Missouri Constitution prevents retrial); *see also* Article I, Section 19.[10]

---

[9] We also note Defendant does not argue on appeal that the trial court's grant of the State's two requested continuances in this case (based on the assistant circuit attorney's unavailability due to trying another case and being on paternity leave) were not for good cause shown or otherwise constituted an abuse of discretion.

[10] We also find that dicta in Missouri Supreme Court's decision in *State v. Berry*, 298 S.W.2d 429 (Mo. 1957) supports our holdings in this case. In *Berry*, a defendant was tried for murder during the September 1951 term, but the jury was unable to reach a verdict. *Id*. at 430. Subsequently, the trial court discharged the jury and continued the case for one week, and for retrial, during the same September 1951 term of court. *Id*. Thereafter, the case was continued "'from term to term' for more than two years and finally, was set for trial on January 18, 1954." *Id*. Before the jury was sworn, the prosecutor dismissed the murder charge. *Id*. at 430-31. The prosecutor refiled the case over the defendant's objection, a jury found the defendant guilty of manslaughter during his second trial, and the trial court entered a judgment convicting the defendant of manslaughter. *Id*. at 430, 431. The defendant appealed, and the issue presented and decided by the Missouri Supreme Court was whether the defendant's conviction violated the prohibition against double jeopardy. *Id*. at 430-33. Nevertheless, and as relevant to this case, the Missouri Supreme Court found that, as conceded by the defendant on appeal, "the same or next term of court" procedure in Article I, Section 19 "was precisely followed until the cause was finally set for trial on January 18, 1954." *Id*. at 431. Accordingly, the Supreme Court's finding, though dicta, supports our holdings that the language in Article I, Section 19 is directory rather than mandatory and that the trial court was not required to dismiss Defendant's charges for Counts I and II when they were not retried during "the same or next term of court."

c. **We Would Find Defendant's Arguments That This Court Should Not consider Rule 20.01(c) in Interpreting Article I, Section 19 Have No Merit**

Finally, Defendant argues this Court should not consider Rule 20.01(c) in interpreting Article I, Section 19 of the Missouri Constitution for two reasons. First, Defendant argues Rule 20.01(c) does not apply to constitutional provisions such as Article I, Section 19 because the following, emphasized language in Rule 20.01(a) refers only to Missouri Supreme Court Rules, court orders, and statutes:

> In computing any period of time *prescribed or allowed by these Rules, by order of court, or by any applicable statute*, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Rule 20.01(a) ((emphasis added) (titled "Computation")).

We disagree with this argument, finding that, when viewed in context, the italicized language in Rule 20.01(a) referencing Missouri Supreme Court Rules, court orders, and statutes applies only to the subsequent language in Rule 20.01(a) addressing the computation of time. Notably, there is no such similar limiting language in Rule 20.01(c); instead, Rule 20.01(c) contains broad language indicating it applies to "*any proceeding*" and "*any proceeding in any criminal proceedings pending* before it, which it is otherwise by law authorized to do." *See* Rule 20.01(c) (emphasis added).

Defendant also asserts our Court should not consider Rule 20.01(c) in interpreting Article I, Section 19 because "Section 5 of Article V [of the Missouri Constitution] confers limited rule-making on the Supreme Court. It states: 'The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal.'" *See* Article V, Section 5 of the Missouri Constitution. Because Defendant has

14

failed to cite any controlling legal authority to support this conclusory argument, and because we can find no such legal authority, we find it has no merit.

### 4.    Conclusion as to Defendant's Second Point on Appeal

In sum, we would hold the trial court did not err in failing to dismiss Defendant's underlying charges for first-degree assault of a law enforcement officer and armed criminal action in Counts I and II with prejudice, and the trial court did not lack the authority to retry Defendant for those counts.  Point two is denied.

## III.    CONCLUSION

Based on the foregoing, we would affirm the trial court's judgment, but due to the general interest and importance of the constitutional issue involved herein, we transfer this case to the Supreme Court of Missouri pursuant to Rule 83.02.

ROBERT M. CLAYTON III, Judge

Colleen Dolan, P.J., and
Mary K. Hoff, J., concur.

15