SUPREME COURT OF MISSOURI
 en banc

STATE OF MISSOURI, ) Opinion issued November 9, 2021
 )
 Respondent, )
 )
v. ) No. SC99103
 )
GREGORY SHEGOG, )
 )
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF CITY OF ST. LOUIS
 The Honorable Thomas C. Clark II, Judge

 Following two jury trials, Gregory Shegog (hereinafter, “Defendant”) was

convicted of first-degree assault of a law enforcement officer, armed criminal action, and

unlawful possession of a firearm by a felon. The circuit court sentenced Defendant as a

prior offender to a total of twelve years’ imprisonment.

 Defendant claims the circuit court erred in overruling his motion to dismiss with

prejudice the first-degree assault and armed criminal action counts and retrying him on

January 6, 2020, after a July 25, 2019 mistrial. Defendant asserts the circuit court did not

have authority to retry the case based upon article I, section 19 of the Missouri
Constitution. Because the circuit court had authority to retry the case, this Court affirms

the circuit court’s judgment.

 Factual and Procedural History

 In October 2017, Officers Bryan Lemons (hereinafter, “Officer Lemons”) and

Jonathan Senf (hereinafter, “Officer Senf”) were in their patrol car in south St. Louis

when they heard “shots fired,” including a description of a person “waving a firearm in

the street.” Defendant was identified as the person in the street.

 As the officers approached the area, they observed Defendant waving a gun,

yelling obscenities, and pacing in the street. The officers took evasive maneuvers for

their safety after their vehicle’s windshield was shot. Officer Lemons identified himself

as “police” and ordered Defendant to put down the firearm. Defendant refused and fired

shots toward Officer Lemons. Defendant fled from the area on foot.

 The SWAT team responded to secure the area. Defendant was located in a

residence. Officers entered the residence and seized Defendant without incident.

 Defendant was charged in December 2017 with two counts of first-degree assault

of two law enforcement officers, two counts of armed criminal action, and one count of

unlawful possession of a firearm. The circuit court committed Defendant to the custody

of the department of mental health in April 2018 for a competency determination.

Defendant’s trial proceedings were delayed until he was deemed competent to stand trial.

 Prior to trial, Defendant testified before the circuit court that he was a convicted

felon. The circuit court took judicial notice of Defendant’s court file and found him to be

a prior offender.

 2
 Defendant’s first jury trial began in July 2019. Officers Lemons and Senf testified

Defendant discharged a firearm in their direction. Additionally, another officer testified

he saw Defendant discharge his firearm. Following all of the evidence, the jury retired to

deliberate.

 During its deliberations, the jury notified the circuit court it “unanimously decided

three counts” and was deadlocked on the remaining two counts. The jury foreperson

stated further deliberation would not be productive. The circuit court accepted the jury’s

not guilty verdicts on two counts and its guilty verdict for unlawful possession of a

firearm. The circuit court declared a mistrial on the two remaining charges.

 On July 25, 2019, the circuit court filed its “Trial Minutes.” The circuit court

indicated the jury was hung regarding the two counts of first-degree assault and armed

criminal action involving Officer Lemons. Defendant was remanded into custody, and

the parties were directed to arrange a new trial date to retry the remaining counts.

On August 5, 2019, the docket sheets reflect Defendant’s second trial was scheduled for

October 7, 2019.

 While there is no docket entry requesting a continuance, on October 10, 2019,

Defendant filed an objection to continuing his trial. Defendant argued that should his

case fail to proceed to retrial before the November 2019 term of court, the circuit court

would no longer have authority or jurisdiction to proceed pursuant to article I, section 19

of the Missouri Constitution. The circuit court continued Defendant’s retrial until the

week of November 4, 2019.

 3
 On November 4, 2019, the circuit court heard argument on Defendant’s “notice of

objection” to trial continuance and request for dismissal with prejudice. The circuit court

overruled Defendant’s motions. Defendant’s retrial was continued until January 6, 2020.

 Trial on the first-degree assault of a law enforcement officer and armed criminal

action charges involving Officer Lemons began on January 6, 2020. Following all of the

evidence, the jury found Defendant guilty on both counts. Defendant was sentenced as a

prior offender to twelve years’ imprisonment for first-degree assault of a law-

enforcement officer, twelve years’ imprisonment for armed criminal action, and four

years’ imprisonment for being a felon in unlawful possession of a firearm, to be served

concurrently.

 Defendant appeals. After issuing an opinion, the court of appeals transferred the

case to this Court on its own motion under Rule 83.02 due to the general interest and

importance of the issue presented. Defendant only challenges article I, section 19’s

temporal provision. This Court has jurisdiction pursuant to article V, section 10 of the

Missouri Constitution.

 Standard of Review

 “Constitutional interpretation is a question of law and is subject to de novo

review.” State v. Jackson, 384 S.W.3d 208, 211 (Mo. banc 2012) (quoting Akers v. City

of Oak Grove, 246 S.W.3d 916, 919 (Mo. banc 2008)). “Words used in constitutional

provisions are interpreted to give effect to their plain, ordinary, and natural meaning.”

Wright-Jones v. Nasheed, 368 S.W.3d 157, 159 (Mo. banc 2012).

 4
 Constitutional Claim

 Defendant asserts the circuit court erred in overruling his motion to dismiss with

prejudice the counts of first-degree assault and armed criminal action involving Officer

Lemons. Defendant believes the circuit court did not have authority to retry his case

because it was not held within the same or next term of court, which he asserts violated

article I, section 19. Defendant argues article I, section 19 requires retrial during the

same or next term of court and, because the circuit court failed to comply with this

mandate, this Court must reverse the judgment resolving the latter two charges and

remand the case with directions to the circuit court to enter a judgment of acquittal.

 Article I, section 19 provides, in relevant part:

 That no person shall be … put again in jeopardy of life or liberty for the same
 offense, after being once acquitted by a jury; but if the jury fail to render a
 verdict the court may, in its discretion, discharge the jury and commit or bail
 the prisoner for trial at the same or next term of court; and if judgment be
 arrested after a verdict of guilty on a defective indictment or information, or
 if judgment on a verdict of guilty be reversed for error in law, the prisoner
 may be tried anew on a proper indictment or information, or according to the
 law.

(Emphasis added).

Waiver of double jeopardy claim

 Defendant admits he explicitly waived a claim of double jeopardy in the circuit

court at the beginning of his second trial. Defendant’s only argument is that the circuit

court violated the time limitations for his retrial. He asserts article I, section 19 creates a

substantive right to speedy trial.

 5
 Article 1, section 19 is titled, “Self-incrimination and double jeopardy.” The

provision prevents an individual from being compelled to testify against oneself and sets

forth when a prisoner may be retried after a mistrial or reversal. The constitutional

protections for speedy trial do not appear in the constitutional provision Defendant asserts

is being violated.

 A defendant’s right to a speedy trial is protected by article I, section 18(a) of the

Missouri Constitution and section 545.780. 1 Had Defendant wished to invoke either his

constitutional or statutory right to a speedy trial, he needed to do so. State ex rel. McKee

v. Riley, 240 S.W.3d 720, 727-28 (Mo. banc 2007); section 545.780. Defendant neither

invoked article I, section 18(a), nor did he file a motion for speedy trial. There is no need

for this Court to craft a constitutional right to speedy trial in article I, section 19, when it

already exists in another provision.

Timeliness of retrial

 Yet, Defendant believes the language of article I, section 19 imposes a time

limitation upon when his retrial must be commenced. Defendant maintains he was

required to be retried within “the same or the next term of court.”

 This Court previously examined article I, section 19’s temporal provision for

retrial following a hung jury. In State v. Berry, 298 S.W.2d 429, 430 (Mo. 1957), the

defendant was tried in September 1951, but the jury was unable to agree upon a verdict.

The circuit court scheduled the defendant’s second trial to begin one week later, in the

1
 All statutory references are to RSMo 2016 unless otherwise indicated.
 6
same term of court. Id. The defendant’s case then was continued “from term to term” for

more than two years before the case was finally tried. Id. On appeal, the defendant

argued the temporal limitation in article I, section 19 required the circuit court to conduct

a trial in the same or next term of court. Id. at 431.

 This Court found the circuit court followed the procedure in article I, section 19 in

that it scheduled the defendant’s trial for the same term, and even though the trial then

was continued consistently until January 1954, there was no constitutional violation. Id.

The Court noted “this particular provision is not inconsistent with and does not

specifically abolish other statutory and common-law procedure incident to the

prosecution and trial of criminal causes.” Id.

 Similarly, in this case, the circuit court scheduled Defendant’s retrial within the

next term of court. The state filed two motions for continuances; the second of which

extended the start of Defendant’s retrial beyond “the next term of court.” Defendant’s

retrial occurred in January 2020. The circuit court engaged in the same procedure as did

the circuit court in Berry. 2

2
 Defendant acknowledges Berry’s interpretation of setting an initial retrial date within
the prescribed period complies with article I, section 19’s temporal provision. However,
Defendant asserts this Court implicitly refuted Berry’s interpretation in dicta in State v.
Pierce, 433 S.W.3d 424 (Mo. banc 2014). In Pierce, the defendant claimed the circuit
court lacked authority to retry him because the trial did not begin within the same or next
term of court as required by article I, section 19. Id. at 428. This Court determined the
defendant waived his right to assert any violation of article I, section 19 because he failed
to assert it at the first opportunity. Id. at 429. The Court noted, in dicta, the purpose of
article I, section 19’s “deadline is to ensure that neither the defendant nor the state is
disadvantaged by stale evidence or fading memories when the only reason for the retrial
is the first jury’s failure to reach a verdict.” Id. at 429. The Court also stated there is no
constitutional language explicitly imposing the defendant’s assumption that the charges
 7
 This Court is vested with the power to “establish rules relating to practice,

procedure and pleading for all courts and administrative tribunals, which shall have the

force and effect of law.” Mo. Const. art. V, sec. 5. The circuit court has “inherent

authority, and an inherent responsibility, to manage [its] dockets in a way that respects

the rights of the defendant, the public and the [s]tate and that respects the obligation of

public defenders to comply with the rules governing their representation.” State ex rel.

Mo. Pub. Defender Comm’n v. Waters, 370 S.W.3d 592, 598 (Mo. banc 2012).

 Accordingly, a circuit court may grant a continuance or postpone a trial for good

cause and sufficient reasons. Section 545.710; Rule 24.08. “The decision to sustain a

continuance is within the sound discretion of the trial court.” State v. Chambers, 481

S.W.3d 1, 8 (Mo. banc 2016). Notably,

 [t]he period of time provided for the doing of any act or the taking of any
 proceeding is not affected or limited by the continued existence or expiration
 of a term of court. The continued existence or expiration of a term of court
 in no way affects the power of a court to do any act or take any proceeding
 in any criminal proceedings pending before it, which it is otherwise by law
 authorized to do or take.

Rule 20.01(c). While the circuit court is considered to be in continual session, to “the

extent that a term of a circuit court may be required or specified by any provision of law,

against him were required to be dismissed if he were not retried in the same or next term
of court. Id. at 430. This Court never reached the merits of this argument because the
defendant’s claim was waived. “Generally, this Court presumes, absent a contrary
showing, that an opinion of this Court has not been overruled sub silentio.” Watson v.
State, 520 S.W.3d 423, 443 n.7 (Mo. banc 2017) (quoting State v. Honeycutt, 421 S.W.3d
410, 422 (Mo. banc 2013)). Berry was not overruled sub silentio.

 8
terms of each circuit court of the state shall be considered as commencing on the second

Mondays in February, May, August and November of each year ….” Section 478.205.

 Defendant’s first trial began in July 2019, which fell within the May 2019 term.

The next term of court began on August 12, 2019, and ended on November 10, 2019.

Defendant’s retrial originally was set on October 7, 2019, within the next term of court.

His retrial was continued but still would have allowed the retrial to occur within the next

term. The second continuance, however, placed Defendant’s retrial beyond the last day

of the next term following his first trial.

 Defendant’s assertion the circuit court was required to dismiss the charges against

him when his retrial did not occur prior to the November 2019 term of court is without

merit. Article I, section 19 does not require the dismissal of charges if the retrial is

delayed beyond the same or next term of court. Berry, 298 S.W.2d at 431; Pierce, 433

S.W.3d at 430. The circuit court scheduled his retrial to begin within the next term of

court as required. The circuit court exercised its authority to manage its docket, and for

good cause shown by the state, Defendant’s retrial was continued until January 2020.

Defendant never asserted his constitutional or statutory right to a speedy trial. The circuit

court followed the procedure approved in Berry, which is dispositive. Defendant’s retrial

did not violate article I, section 19.

 9
 Conclusion

 The circuit court’s judgment is affirmed.

 ___________________________
 GEORGE W. DRAPER III, JUDGE

All concur.

 10